STATE OF NEBRASKA, APPELLEE, V. OSCAR LEE JOHNSON, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. RUFUS D. JONES, APPELLANT.
213 N. W. 2d 716

Filed January 4, 1974. Nos. 39088, 39089.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellants.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendants, Oscar Lee Johnson and Rufus D. Jones, appeal their convictions on guilty pleas to one count of robbery and one count of using a firearm in the commission of a felony. We affirm each sentence as modified.

Defendants, with a Freddie Lee Williams who pro-

cessed a separate appeal, were apprehended in the commission of a robbery at Buehler Brothers Market in Omaha, Nebraska, on February 27, 1973. Pursuant to plea bargains, each defendant pled guilty to one robbery count and the use of a firearm in the commission of a felony. A second robbery count was dismissed pursuant to plea bargains, and the county attorney agreed that no other charges would be filed on offenses then under investigation.

Defendant Jones was sentenced to a term of 10 to 30 years in the Nebraska Penal and Correctional Complex on the robbery offense. He was also given a consecutive term of 5 years for use of a firearm in the commission of a felony.

Defendant Johnson was sentenced to a term of 15 to 45 years on the robbery count, and to a consecutive term of 5 years for use of a firearm in the commission of a felony.

Both defendants, who at all stages were represented by the same counsel, assign as error the excessiveness of the sentences.

The penalty for robbery is imprisonment in the Nebraska Penal and Correctional Complex for a term of not less than 3 years nor more than 50 years. § 28-414, R. R. S. 1943. The penalty for the use of firearms in the commission of a felony is imprisonment in the Nebraska Penal and Correctional Complex not less than 3 years nor more than 10 years, and such sentence shall be consecutive to any other sentence imposed. § 28-1011.21, R. S. Supp., 1972.

The offenses to which the defendants pled guilty are very serious ones. Defendants predicate their claim of excessiveness on a comparison of sentences given other defendants who have been convicted of the same crimes. The sentences here are severe but are clearly within the range prescribed by the statutes. The rule is well established that where the punishment of an offense is

left to the discretion of a court to be exercised within certain statutorily prescribed limits, a sentence imposed within such limits will not be disturbed on appeal unless there appears to be an abuse of discretion.

A review of the presentence reports establishes defendant Jones had no police record other than traffic offenses prior to his arrest herein. Defendant Johnson served 6 months in the county jail for a burglary, was investigated in some other instances, and served 10 days on a misdemeanor. Johnson was 21 at the time of his arrest, and Jones 26. The records indicate drug use may have been a contributing factor to their problems.

It is apparent that Johnson's sentence was more severe than the one meted out to Jones because of information in the presentence report identifying him as a participant in a robbery then under investigation. The defendants pled guilty pursuant to plea bargains. Considering their ages, and the fact that their crime careers are of recent origin and drug related, they should be good prospects for a rehabilitation program. This we believe may be more probable with a realistic sentence. As we view the record, justice would be served by a sentence of 5 to 15 years imprisonment in the Nebraska Penal and Correctional Complex on the robbery count.

The judgment of the District Court is so modified in each instance to provide that the sentence on the robbery count shall be imprisonment in the Nebraska Penal and Correctional Complex for 5 to 15 years. Each judgment in all other respects is affirmed.

AFFIRMED AS MODIFIED.