STATE OF NEBRASKA, APPELLEE, v. RANDALL A. WARD,
APPELLANT.

216 N. W. 2d 163

Filed March 7, 1974. No. 39086.

Adams & Christensen and Craig D. Martinson, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The defendant, Randall A. Ward, pleaded guilty to the crime of robbery and was given the minimum sentence by the District Court of 3 years in the Nebraska Penal and Correctional Complex. The sole contention on this appeal is that the sentence was excessive and that the defendant should have received probation. We affirm the judgment and sentence of the District Court.

The thrust of the contention of the defendant is that he should be granted probation because of his age (19), because he is a first-offender (felony), and because he and his partner Genelle Ward, returned the fruits of the robbery after its commission. The undisputed and admitted facts before the trial judge at the time of the sentencing are as follows: The crime in which the defendant participated was robbery at gun point. It was perpetrated against a lone filling station operator after midnight. Something around $600 was procured. The

robbery had been planned for approximately a week. A 22-caliber pistol was bought for the purpose of committing the robbery. The scene of the robbery was surveyed and the robbery planned in detail, according to the handwritten admissions of the defendant and his partner, Genelle. The record reveals that in accomplishing the armed robbery they committed the offense of kidnapping, section 28-417, R. S. Supp., 1972. After using the gun and completing the robbery they forced the filling station attendant to drive them to a waiting automobile some distance from the scene of the crime.

The record shows that the trial court carefully and conscientiously held a full hearing and considered the possibility of probation very carefully. The record reveals that the defendant himself wanted probation but felt he would not receive it. The trial court determined from the evidence before him that it would be improvident to grant probation to accomplish the rehabilitation of the defendant and his partner, Genelle. Defendant is 19 years of age. He quit school after the tenth grade. Although only 19 years of age, it is inferable that he has considerable adult and mature experience beyond the normal 19-year-old youth. He has worked on a ranch near Broken Bow, Nebraska, for 3 years for $275 per month plus board and room. He has worked for 6 months for the Malcolm Larsen Construction Company, in York, Nebraska, for $2.95 an hour. He has worked in restaurants and in other different types of jobs, all away from his home. He comes from a broken home, from which there is no possibility of his receiving any help, discipline, or care in connection with a possible rehabilitative program on probation. He has used all kinds of drugs and admits that 2 months after the robbery he was picked up in possession of marijuana. At the age of 17 he pled guilty to petit larceny and received a fine. Further review of the record is unnecessary except to state that it leads to an inference of continuing instability and the

necessity for much stricter discipline than available under the probation system.

The record reveals that the trial court considered the nature of the offense, and after examining all the relevant evidence found that correctional treatment in this defendant's case can best be provided by commitment to a correctional facility. We come to the conclusion that the denial of probation to this defendant did not constitute an abuse of judicial discretion and it therefore follows that the 3-year minimum sentence was not excessive. We observe that in the recent case of State v. Williams, 187 Neb. 708, 193 N. W. 2d 570, this court affirmed a sentence of 3 to 10 years on a robbery charge for a 19-year-old first offender.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.

SMITH, J., not participating.