STATE OF NEBRASKA, APPELLEE, v. LARRY L. KOLZOW, APPELLANT.

236 N. W. 2d 837

Filed December 24, 1975. No. 40266.

Ernest H. Addison and James M. Tyler, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant, Larry L. Kolzow, entered a plea of nolo contendere to a charge of embezzlement. The court accepted his plea and after a presentence investigation sentenced him to confinement in the Nebraska Penal and Correctional Complex for a period of 3 years. The sole issue presented on this appeal is whether the trial judge abused his discretion in sentencing the defendant to prison rather than placing him on probation. We affirm.

Defendant embezzled approximately $25,000 while employed as a bookkeeper for the Record Printing Company, Inc. Defendant admitted embezzling funds from a previous employer, Vickers Oil Company of Des Moines, Iowa. He was not charged with this crime and agreed to repay the amount embezzled, about $16,000 or $17,000. A portion of the money embezzled herein was used to repay Vickers Oil Company.

No purpose will be served by a further discussion of the facts. The determination of whether to grant probation to one convicted of a crime is a matter within the sound discretion of the trial court; and the denial

of probation will not be disturbed on appeal in the absence of a showing of abuse of judicial discretion. State v. Ward (1974), 191 Neb. 421, 216 N. W. 2d 163. We find no abuse of discretion herein.

Defendant suggests that the sentence imposed is harsh and excessive. A flat 3 year sentence under the statute in question is the equivalent of a 1 to 3 year sentence. It is well within the limit of 1 to 7 years. Where the punishment of an offense is left to the discretion of a court to be exercised within certain statutorily prescribed limits, a sentence imposed within such limits will not be disturbed on appeal unless there appears to be an abuse of discretion. State v. Johnson (1974), 191 Neb. 54, 213 N. W. 2d 716. There was no abuse of discretion therein.

The judgment is affirmed.

AFFIRMED.