STATE OF NEBRASKA, APPELLEE, V. CALVIN TWEEDY, APPELLANT.

251 N. W. 2d 380

Filed March 9, 1977. No. 40886.

James N. Norton, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

In an amended information filed in the District Court for Butler County on March 28, 1974, the defendant and appellant herein, Calvin Tweedy, was charged with aiding, abetting, and procuring another to commit the felony of cattle stealing under sections 28-201 and 28-510, R. R. S. 1943. The penalty for that

crime is imprisonment of not more than 10 years, nor less than 1 year. On March 29, 1974, the defendant pled nolo contendere to the charge, and was placed on probation for a period of 2 years. On March 19, 1976, upon motion filed February 24, 1976, by the county attorney of Butler County, and after a hearing, the defendant was found to be in violation of the conditions of probation, and was sentenced to imprisonment for a term of 1 to 2 years. The defendant has appealed from that sentence, contending that it is excessive, and that the District Court abused its discretion in imposing it. We affirm.

The defendant does not assign as error the finding of the District Court that he violated the conditions of probation, and the sole issue in this appeal is whether the defendant's sentence is excessive. The following facts are relevant. Subsequent to the original sentence of probation, a motion to revoke probation was filed on December 12, 1974. The defendant was found to have violated conditions of probation on December 20, 1974; and on January 14, 1975, was ordered to submit to the supervision of the Director of the Alcohol Safety Action Program in Fremont, Nebraska, for the reason that his conflicts with the law were alcohol related. The defendant was not sentenced to imprisonment, but the probation period was extended to January 14, 1977.

On August 27, 1975, a second motion to revoke probation was filed, and the defendant was again found to have violated the conditions of probation. This violation was also due to the defendant's use and abuse of alcohol. No sentence of imprisonment, however, was imposed on the defendant.

On February 24, 1976, the motion to revoke probation which gave rise to the present case was filed, and on March 19, 1976, the defendant was found to have violated the condition of probation that he abstain from the use of alcoholic beverages. On April 30, 1976, the

trial court imposed a term of imprisonment of 1 to 2 years, from which sentence the defendant appeals.

The defendant contends that the sentence was excessive for the following reasons: (1) The crime for which he was convicted involved no violence; (2) he was an aider and abettor rather than the principal participant in the crime; and (3) his rehabilitative needs will not be met by a term of imprisonment because his conflict with the law has been due to his alcoholism, and he has taken steps to rectify his drinking problem.

We find these contentions unpersuasive. As the trial court noted when sentencing the defendant, he had been given almost 2 years to demonstrate that he could abide by the conditions of his probation, yet had failed to make any substantial progress in that endeavor. The defendant had repeatedly violated the conditions of probation, and the last violation involved beating his wife while intoxicated. The defendant had been given ample opportunity to conform to the requirements of the law, yet had not taken advantage of that opportunity. The defendant's probation officer did not believe that he was suitable for continued probation, and recommended that he receive a sentence of imprisonment. It is well established that a sentence imposed within the statutory limits, and the denial of probation, will not be disturbed on appeal in the absence of a showing of an abuse of discretion. State v. Kolzow, 195 Neb. 93, 236 N. W. 2d 837 (1975). There was no abuse of discretion in this case, and the judgment of the District Court is affirmed.

AFFIRMED.

WHITE, C. THOMAS, J., not participating.