STATE OF NEBRASKA, APPELLEE, v. NIGEL DAVIS, APPELLANT.

259 N. W. 2d 33

Filed November 9, 1977. No. 41533.

T. Clement Gaughan and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

Nigel Davis, the defendant and appellant herein, was charged in the District Court for Lancaster County with robbery and the use of a firearm in the

commission of a felony. Defendant pled guilty to the robbery charge and the charge of use of a firearm in the commission of a felony was dropped. Defendant was sentenced to imprisonment in the Nebraska Penal and Correctional Complex for a term not less than 3 nor more than 6 years. Credit was given for jail time prior to sentencing. He has appealed to this court contending that the sentence imposed was excessive. We affirm.

Defendant was 16 years old. The record discloses that defendant, while in the company of another youth, robbed the Kellogg Center on the East Campus of the University of Nebraska-Lincoln. The robbery was conducted at gunpoint. A clerk was struck and knocked down upon refusing to open the vault. A shot was accidentally fired through a window as the youths fled.

The defendant asks this court to consider sentencing in light of his age and the impact exposure to habitual criminals for a substantial amount of time will have on his future. The defendant directs the court's consideration to reducing the sentence to the minimum term of 3 years.

This court has held that age is a factor meriting consideration in reducing a sentence. State v. Etchison, 188 Neb. 134, 195 N. W. 2d 498. Here, the age factor is overshadowed by the defendant's prior behavior which shows that, despite chronological age, he is a seasoned veteran of criminal conduct. While the defendant was 16 years of age at the time of this particular crime, his police record began with a breaking and entering incident at age 9. The presentence report shows this first adult felony offense is the culmination of an extensive juvenile record. The defendant has been involved in numerous incidents, usually concerning larceny or assault.

According to the presentence report, the defendant is the product of a deprived home environment. Defendant's initital criminal behavior may be attrib-

uted, in part, to such environment, but successive placements have failed to achieve any reformation in defendant's behavior or in his attitude. The presentence report and record indicate a pattern of progressively more violent criminal behavior. Defendant has been placed unsuccessfully in two foster homes and has spent time at the Lincoln Regional Center and Youth Development Center in Kearney. In evaluating the defendant's history of conduct and attempts to rechannel it on a more productive course, the District Court observed that "Everything else has been tried" in this case.

The serious concern the District Court showed in weighing the age factor prior to imposition of sentence is apparent from the record. In one last really desperate attempt on its part, the District Court ordered defendant committed to the Nebraska Department of Corrections for a 90-day evaluation period prior to sentencing. There is evidence that during this period of confinement, defendant committed an assault. The evaluation recommended defendant be sentenced to the Nebraska Penal and Correctional Complex as the only appropriate alternative since a very poor prognosis tended to eliminate probation.

We are not insensitive to defendant's age. As defendant points out, the present sentence will expose him to contact with habitual criminals for a significant amount of time. Sensitivity to age, however, must be weighed against the realities the defendant's situation presents. The defendant has been charged with a serious crime with potential violent implications. This crime is the latest in a continuing series of criminal incidents, marked by a progressively violent behavior pattern. Defendant asks that we pause and consider his age because the script is so often the same: Lack of parental supervision, juvenile problems, lengthy penal term, habitual criminal. Here, defendant has provided his own script which has said again and again "to be contin-

ued." Defendant's behavior reveals that he has become a serious threat to society and must be treated accordingly, regardless of age.

Section 28-414, R. R. S. 1943, provides the punishment for robbery is imprisonment in the Nebraska Penal and Correctional Complex for not less than 3 nor more than 50 years. Here, the defendant received a term of 3 to 6 years. When the punishment of an offense is left to the discretion of a court to be exercised within certain statutorily prescribed limits, a sentence imposed within such limits will not be disturbed on appeal unless there appears to be an abuse of discretion. State v. Kolzow, 195 Neb. 93, 236 N. W. 2d 837. The sentence imposed is well within the statutorily permissible limits. Its imposition was the result of the District Court's careful evaluation of all the circumstances surrounding the defendant's present and past behavior. The sentence of the District Court is therefore affirmed.

AFFIRMED.