STATE OF NEBRASKA, APPELLEE, V. ALFRED MENARD, APPELLANT.

259 N. W. 2d 479

Filed November 16, 1977. Nos. 41237, 41238.

T. Clement Gaughan and George R. Sornberger, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

PER CURIAM.

The defendant entered pleas of guilty to larceny from the person and third offense driving while intoxicated. The trial court imposed concurrent sentences of 1 to 5 and 1 to 3 years in the Nebraska Penal and Correctional Complex. Defendant's sole contention on appeal is that the sentences are excessive and he should be placed on probation. We affirm.

Defendant was born of American Indian heritage. His parents had drinking problems and from age 11 until he was 17 or 18 he resided at the Boys' Training School in Kearney.

Defendant has five previous felony convictions and sentences in Nebraska for which he served time. These include auto theft, burglary, uttering a forged instrument, and breaking and entering. Defendant has had numerous arrests including offenses for grand larceny, assault, carrying a concealed weapon,

robbery, and larceny. There are also numerous drunk offenses on his record.

At the time the present offenses were committed, defendant was a student with a 3.4 grade average at the University of Nebraska. He also was a graduate instructor in the department of literature, teaching the Lakota language. Prior to committing the present offenses, defendant had begun a rehabilitation program which included attendance at Alcoholics Anonymous and other programs.

During the past few years defendant has been active in various cultural affairs at the University. Numerous supportive letters written on defendant's behalf are contained in the presentence investigation report.

The record shows that the trial court evaluated defendant's past and present behavior in light of protection of society and the rehabilitation of the defendant. The court considered the fact that defendant had attempted alcoholic rehabilitation in the past and had failed. Noting that the State had dropped the habitual criminal charges, which would have resulted in a minimum term of 10 years, the court found that the defendant had received mercy and understanding.

Section 28-505, R. R. S. 1943, provides that the punishment for larceny from the person is imprisonment in the Nebraska Penal and Correctional Complex for not less than 1 nor more than 7 years. Section 39-669.07, R. R. S. 1943, provides for imprisonment in the Nebraska Penal and Correctional Complex for not less than 1 nor more than 3 years for the third offense of driving while intoxicated. Defendant was sentenced to 1 to 5 years for larceny from the person and 1 to 3 years for the third offense of driving while intoxicated. Such sentences are within the statutory limits and will not be disturbed on appeal unless there is an abuse of discretion. State v. Kolzow, 195 Neb. 93, 236 N. W. 2d 837.

In light of defendant's past criminal behavior, it cannot be said that the court abused its discretion. Absent such abuse the sentence is affirmed.

AFFIRMED.

CLINTON, J., dissenting.

I respectfully dissent from the opinion of the court. In the unusual circumstances of this case I believe the focus should be upon the defendant's recent accomplishments rather than upon his past record of offenses. The defendant has a long history of alcoholism caused by his early cultural environment. The alcohol problem, which had its origin during his childhood, is the rather obvious cause of the crimes for which he is to be incarcerated, as well as the cause of most of his earlier offenses.

After his last previous incarceration the defendant, who at the time of sentencing was 35 years of age, began a program to cure his alcoholism. He obtained a general education diploma through the Southeast Community College, then enrolled at the University of Nebraska in the College of Arts and Sciences, and had completed successfully about 2 years of work with a current 3.4 average, taking 12 hours of classwork. He was, at the time of sentencing, still enrolled in college and employed at the University of Nebraska as an undergraduate instructor, teaching the Lakota language, for which work he is paid $175 monthly. Since his latest offenses he is participating in the programs of Alcoholics Anonymous and the Chemical Dependency Unit at Lincoln General Hospital. He has also participated in cultural programs at the University of Nebraska, as well as assisted in counseling other Indians who have a problem similar to his.

Numerous persons who have been associated with him during his educational endeavors attest to the earnestness of his efforts, his abilities, and the probabilities of his ultimate success in coping with his alcoholism. When one considers his previous long his-

tory of alcoholism, the maintenance of sobriety for a period of about 2 years is not a mean accomplishment. Few alcoholics who ultimately overcome the problem do so without some slip before final victory.

The probabilities of ultimate success are attested by the opinion of an outpatient counselor at a local hospital that "Alfred will do well if he continues his treatment and A. A.," and, as well, of a psychologist, "it is crucial to encourage Alfred to continue in learning to postpone short-term gratification for more long-term effects, as is indicative of his apparent reasonable success in college." The testimonials also evidence his "ability to instruct," as well as his organizational ability. A substantial businessman who has known him for about 2 years further attested to his confidence in the defendant's "integrity" and "truthfulness" by furnishing the money in order that the defendant might make his $10,000 bail bond. There are numerous other references.

The defendant's statement of his own short-term goal is, "finishing school & stopping my drinking."

I doubt the usefulness of incarceration without giving the defendant a further additional opportunity to further his progress, which has been mostly a program of lifting himself by his own bootstraps.

McCown and White, C. Thomas, JJ., join in this dissent.