STATE OF NEBRASKA, APPELLEE, V. BARRY VOGEL, APPELLANT.

526 N.W.2d 80

Filed January 13, 1995.   No. S-93-365.

James E. Schaefer and Glenn A. Shapiro, of Gallup, Schaefer, Riha, Dornan, Jabenis & Shapiro, for appellant.

Don Stenberg, Attorney General, Marilyn B. Hutchinson, and Mark D. Starr for appellee.

HASTINGS, C.J., WHITE, CAPORALE, LANPHIER, and WRIGHT, JJ., and GRANT, J., Retired.

LANPHIER, J.

Barry Vogel was found not guilty of attempted bribery but guilty of conspiracy to commit bribery, following a jury trial in the district court for Sarpy County. The issue was whether Vogel and an accomplice, Bill D. Null, had conspired to bribe Papillion's mayor to obtain the city's keno operation. Vogel appealed to the Nebraska Court of Appeals. The Court of Appeals held that the district court erred in excluding evidence of Vogel's good character and that such error was not harmless beyond a reasonable doubt. *State v. Vogel*, 94 NCA No. 20, case No. A-93-365 (not designated for permanent publication). The Court of Appeals therefore reversed Vogel's conviction and remanded the cause for further proceedings. We granted the State's petition for further review and affirm the Court of Appeals' holding.

## BACKGROUND

Barry Vogel and Bill D. Null were charged with bribery and conspiracy to commit bribery of Papillion Mayor Pete Goodman in connection with the introduction of a keno-type lottery in the city. The defendants were jointly tried in the district court for Sarpy County, Nebraska. The facts of this case are fully stated in *State v. Null, ante* p. 192, 526 N.W.2d 220 (1995).

At the time of his trial, Vogel was a longtime resident of Papillion, Nebraska, and had held a variety of security and law enforcement positions. In his defense, Vogel called Steven Sunday, the chief of police of David City, Nebraska, for whom Vogel had worked since November 1989 as a part-time police

officer. If he had been allowed to take the stand, Sunday would have testified as to Vogel's reputation for honesty and truthfulness. Vogel also sought to call a neighbor, and that neighbor would have testified regarding Vogel's reputation for honesty and truthfulness.

After Sunday took the stand on behalf of Vogel, the State objected to questions to Sunday, which were apparently to elicit testimony regarding Vogel's reputation for truthfulness and honesty. After the jury was excused, defense counsel stated that he was offering Sunday's testimony under Neb. Evid. R. 404(1)(a), Neb. Rev. Stat. § 27-404(1)(a) (Reissue 1989). The prosecution objected to Sunday's testimony and argued that Vogel's credibility had not been placed under attack, and therefore, testimony regarding his reputation for truthfulness was not admissible under Neb. Evid. R. 608, Neb. Rev. Stat. § 27-608 (Reissue 1989). Defense counsel reiterated that the witnesses' testimony was offered under rule 404(1)(a) (evidence of a pertinent trait of character by an accused).

The trial court accepted rule 404(1)(a) as controlling the admissibility of the character evidence, but raised the question of whether the character trait of honesty was pertinent to the crimes charged of bribery and conspiracy. Vogel's counsel argued that such testimony was always admissible to support a defendant's reputation for truth and honesty in the community. The trial court disagreed and stated it did not believe the trait of honesty is placed in issue by the charge of bribery or conspiracy to commit bribery. The court agreed that honesty would be an issue if the charge were perjury or theft, but stated that an honest person may very well commit the crime of bribery, just as an honest person may commit the crime of sexual assault.

Accordingly, counsel for Vogel made an offer of proof with respect to what Sunday and the second witness, Vogel's neighbor, were allowed to testify to. Counsel stated that the testimony of both witnesses would be that Vogel was an honest and truthful person. The trial court sustained the State's relevancy objections, and the witnesses were not allowed to so testify.

The jury found Vogel not guilty of attempted bribery but

guilty of conspiracy to commit bribery. Both Vogel and Null timely perfected an appeal to the Court of Appeals, and the cases were consolidated for argument and disposition. We address Null's assignments of error in a separate opinion, of even date.

In his assignments of error, Vogel included the district court's refusal to allow him to present character evidence on his behalf. The Court of Appeals reversed Vogel's conviction and remanded the cause for further proceedings for the reason that the trial court improperly refused to allow Vogel to present relevant character evidence on his behalf. *State v. Vogel*, 94 NCA No. 20, case No. A-93-365 (not designated for permanent publication). The State petitioned for further review of the Court of Appeals' reversal of Vogel's conviction. We granted further review on the issue of an accused so offering evidence of honesty to rebut a charge of bribery. We affirm the Court of Appeals' holding that the evidence of Vogel's good character with respect to truthfulness and honesty was relevant and pertinent in this case and that the trial court erred in sustaining the relevancy objection to the proffered evidence of Vogel's good character.

## ASSIGNMENTS OF ERROR

In his appeal to the Court of Appeals, Vogel assigned four errors. Vogel asserts the district court erred (1) in refusing to allow him to present character evidence on his behalf, (2) in applying Neb. Rev. Stat. § 28-917 (Reissue 1989) and in giving a jury instruction pursuant to that statute, (3) in applying Neb. Rev. Stat. § 28-202 (Reissue 1989) and in giving a jury instruction pursuant to that statute, and (4) in failing to grant his motion for a new trial.

In its petition for further review of the Court of Appeals' holding, the State requests that we address the following issues: (1) whether the Court of Appeals erred in determining that Vogel's honesty was a trait of his character pertinent to the particular offense charged for purposes of rule 404(1)(a) and (2) whether the Court of Appeals erred in determining that the exclusion of such character evidence was not harmless.

## SCOPE OF REVIEW

The admission of character evidence is largely left to the discretion of the trial court and will not be overruled on appeal absent a showing of an abuse of discretion. *State v. Garcia*, 235 Neb. 53, 453 N.W.2d 469 (1990).

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *State v. Fahlk*, 246 Neb. 834, 524 N.W.2d 39 (1994); *State v. Juhl*, 234 Neb. 33, 449 N.W.2d 202 (1989).

## ANALYSIS

Rule 404(1)(a) states:

> Evidence of a person's character or a trait of his or her character is not admissible for the purpose of proving that he or she acted in conformity therewith on a particular occasion, except:
>
> . . . . Evidence of a pertinent trait of his or her character offered by an ·accused, or by the prosecution to rebut the same.

The origin of rule 404(1)(a) is the common-law rule permitting an accused to offer character evidence in his behalf. Under the common-law rule, a defendant could "introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged." *Michelson v. United States*, 335 U.S. 469, 476, 69 S. Ct. 213, 93 L. Ed. 168 (1948). "When one is accused of crime[,] evidence of his previous good character is admissible, in his behalf, upon the theory that being of good character it is improbable that he would have committed the crime with which he is charged . . . ." *Latimer v. State*, 55 Neb. 609, 619, 76 N.W. 207, 210 (1898).

"Under § 27-404(1)(a), defendant can only introduce evidence of a pertinent character trait or traits, not his general character or reputation. In a criminal action, pertinent traits are

those involved in the crime on trial, e.g., honesty in theft cases or peacefulness in murder cases." *State v. Hortman*, 207 Neb. 393, 398, 299 N.W.2d 187, 190 (1980). See, also, *State v. Garcia, supra* (holding that a defendant's testimony that he had never been convicted of a felony was an attempt to introduce general character or reputation evidence and was therefore inadmissible). "A *pertinent trait* is 'one that relates to a trait involved in the offense charged or a defense raised.' " *Wiggins v. State*, 778 S.W.2d 877, 893 (Tex. Crim. App. 1989) (quoting *Spector v. State*, 746 S.W.2d 946 (Tex. Crim. App. 1988)). Rule 404 forbids introduction of a character trait unless the trait is pertinent to the crime charged. Therefore, the character traits of honesty or truthfulness would not be admissible to the charge of sexual assault or murder. See *State v. Hortman, supra*.

Although rule 404(1)(a) permits a defendant to introduce evidence of his character traits pertinent to the crime charged, the admissibility of one character trait is subject to another rule of evidence. Rule 608 states that evidence of good character for truthfulness is not admissible until the witness' character as to truthfulness has been attacked. Only when a defendant's reputation for truthfulness is challenged by evidence that his reputation for truth is bad is evidence admissible regarding his truthfulness. An exception to the rule is when such trait is in issue. See *State v. Hortman, supra*.

Under rule 404(1)(a), Vogel was permitted to introduce evidence of a pertinent character trait or traits to the crimes of bribery and conspiracy to commit bribery, but not his general character or reputation. See *State v. Hortman, supra*. However, under rule 608, Vogel was precluded from introducing evidence regarding his reputation for being a truthful person because his credibility had not been attacked.

Accordingly, we are faced with three questions: (1) Is the trait of honesty equivalent to the trait of truthfulness and therefore inadmissible in this case under rule 608? (2) If the trait of honesty is different from the character trait of truthfulness, is the character trait of honesty pertinent to the crimes of bribery and conspiracy to commit bribery? (3) If the character trait of honesty is pertinent, was it harmless error for the trial court to exclude its introduction?

The trial court determined that the character trait of honesty was not pertinent to the crimes of bribery and conspiracy and stated that an honest person was capable of committing the crime of bribery, just as an honest person might commit the crime of sexual assault. The Court of Appeals disagreed. In its view, "bribery seems to be the epitome of dishonesty, at least as far as it relates to how citizens interact with their government. Truthfulness means telling the truth. However, it appears that honesty is a more expansive concept which includes not only truthfulness, but also integrity and trustworthiness." *State v. Vogel*, 94 NCA No. 20 at 45, case No. A-93-365 (not designated for permanent publication).

Other courts have also concluded that the trait of truthfulness is but one component of the trait of honesty. "[T]here is a certain breadth to the term 'honesty.' " *State v. Costa*, 139 N.J. Super. 588, 592, 354 A.2d 691, 693 (1976). The Texas Court of Appeals noted that an honest person is defined as one which " 'will not lie, cheat, or steal; truthful; trustworthy.' " *Wiggins v. State*, 778 S.W.2d at 889. That court noted that truth means " 'telling the truth; presenting the facts; veracious; honest.' " *Id.*

We conclude that honesty is a more expansive concept than truthfulness and is a character trait pertinent to the crimes of bribery and conspiracy to commit bribery. Under rule 404(a)(1), the term "pertinent" is apparently synonymous with the term "relevant." *United States v. Hewitt*, 634 F.2d 277 (5th Cir. 1981) (citing 22 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5236 (1978)). The crime of bribery does impugn the defendant's reputation for honesty. See, *United States v. Hewitt, supra*; *United States v. Darland*, 626 F.2d 1235 (5th Cir. 1980); *State v. Costa, supra*. The characteristic of honesty is incompatible with offering a bribe to an elected official. Evidence of Vogel's reputation for honesty was relevant and admissible under rule 404(1)(a).

Having determined that evidence regarding Vogel's reputation for honesty was admissible, we conclude that the trial court erred in sustaining the relevancy objection to the offer of the character evidence. We hold that such error was not harmless.

As stated above, the defense may offer evidence on any trait

reasonably related to the elements of the charged offense. However, the trial court has the responsibility to determine the competence of the proffered character evidence and to prevent the trial from straying into collateral matters. *Cooper v. United States*, 353 A.2d 696 (D.C. App. 1975). Few rights are more fundamental than that of an accused person to present witnesses in his own defense. The fundamental right to present witnesses is subject however to the rules of relevancy. *State v. Fahlk*, 246 Neb. 834, 524 N.W.2d 39 (1994); *State v. McSwine*, 231 Neb. 886, 438 N.W.2d 778 (1989). Relevancy of offered evidence and exclusion of relevant evidence involve an exercise of a trial court's discretion. See, rule 401; *State v. Salamon*, 241 Neb. 878, 491 N.W.2d 690 (1992). In a jury trial of a criminal case, whether an error in admitting or excluding evidence reaches a constitutional dimension or not, an erroneous evidential ruling results in prejudice to the defendant unless the State demonstrates that the error was harmless beyond a reasonable doubt. *State v. Hughes*, 244 Neb. 810, 510 N.W.2d 33 (1993); *State v. Toney*, 243 Neb. 237, 498 N.W.2d 544 (1993); *State v. Messersmith*, 238 Neb. 924, 473 N.W.2d 83 (1991).

Vogel's defense is his lack of criminal intent surrounding his attempt to win the keno franchise in Papillion. As noted by the Court of Appeals:

> [T]here is nothing illegal about a discussion between a public official such as the mayor and a citizen of Papillion such as Vogel about keno. Generally, a citizen may attempt to influence a public official's decision, such as who should or will serve on the keno committee. This is the essence of representative government.

*State v. Vogel*, 94 NCA No. 20 at 44. What is illegal is offering or agreeing to offer a valuable benefit to a public official with the intent to influence the official with respect to his judgment or other action taken in his official capacity. See § 28-917.

In this case, there are hours of tape-recorded conversations between the mayor and the defendants in which they discuss the introduction of keno lottery and how they might profit from it. The intent behind Vogel's words was a question for the jury. Evidence regarding his reputation for honesty was relevant to

the question of intent, and it was error to exclude it.

Harmless error exists in a jury trial of a criminal case when the court makes an erroneous evidential ruling which, on review of the entire record, did not materially influence the jury in a verdict adverse to the defendant. *State v. Hankins*, 232 Neb. 608, 441 N.W.2d 854 (1989). If the evidence properly admitted at trial overwhelmingly establishes a defendant's guilt, any error in excluding admissible evidence is harmless error beyond a reasonable doubt. See *id*.

We cannot conclude that the tape-recorded conversations overwhelmingly established Vogel's guilt and can only speculate as to the effect of the excluded testimony on the jury's verdict. Therefore, the exclusion of the character evidence was not harmless error.

## CONCLUSION

The Court of Appeals' reversal of Vogel's conviction and remand of the cause to the district court for a new trial is affirmed. As stated by the Court of Appeals, certain holdings in *State v. Null, ante* p. 192, 526 N.W.2d 220 (1995), are germane to this case for further proceedings.

AFFIRMED.