**STATE**

v.

**Joseph STEWART.**

No. 97–322–C.A.

Supreme Court of Rhode Island.

May 11, 1998.

Aaron L. Weisman, Providence, for Plaintiff.

Janice M. Weisfeld and Paula Rosin, Providence, for Defendant.

Before WEISBERGER, C.J., and
LEDERBERG, FLANDERS and
GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on March 3, 1998, on the appeal of the defendant, Joseph Stewart (Stewart), from a judgment of conviction on one count of possession of a sawed-off shotgun in violation of G.L.1956 § 11–47–8. Stewart argues that the trial justice erred in admitting evidence of his prior convictions and in failing to instruct the jury properly with respect to character evidence. After hearing the arguments of counsel and reviewing the parties' memoranda, we agree and reverse the judgment from which the appeal has been made. The facts insofar as pertinent are as follows.

In the early morning hours of October 10, 1996, Stewart was stopped and questioned by a Providence police officer who was in the process of investigating another reported crime in the area. At the time he was stopped, Stewart was standing at a phone booth. The officer pulled up along side of Stewart and asked him to approach his car. The officer then proceeded to question Stewart who told the officer that he was waiting for a ride home. The officer asked Stewart if he would object to a search of the knapsack he was carrying. Stewart agreed to the search and stated that he had some clothes and a gun in the bag. The officer then emptied the knapsack and found a sixteen-gauge "savage arm" sawed-off shotgun and some clothing. According to the officer, the knapsack also contained a black pouch full of numerous rounds of ammunition.

Stewart maintains that his truck had broken down on Broad Street and that while on his way to "the projects," he walked through Roger Williams Park. There he claimed to have found the knapsack containing the gun. Stewart further testified that he was aware that the city of Providence was holding a gun buy-back program and decided to turn the gun into the police in exchange for $25. Prior to going to the police station, however, Stewart stopped at his apartment to pick up some clothes. While enroute to the police station Stewart stopped to make a phone call, and it was at this point that the officer approached him and summoned him to the police car. After the officer discovered the gun and the ammunition, Stewart was placed under arrest, taken to the police station, and later charged with possession of a sawed-off shotgun in violation of § 11–47–8.

A trial commenced in Providence Superior Court on March 4, 1997. Just prior to trial Stewart moved pursuant to Rule 609(b) of the Rhode Island Rules of Evidence to exclude evidence of his prior convictions, which consisted of two convictions in Texas, one in 1984 for burglary and one in 1986 for carrying a concealed weapon and possession of marijuana, as well as three convictions in Rhode Island in 1990, 1992, and 1993 for misdemeanor assaults. Stewart argued that these convictions were either too remote in time or constituted evidence of which the prejudicial effect outweighed its probative value. The trial justice agreed and precluded the state from using the evidence in its anticipated cross-examination of Stewart. The trial justice further held that the state would not be allowed to ask Stewart's character witnesses about their knowledge of the prior arrests or convictions.

"I understand that the defense intends to call character witnesses for purposes of establishing the defendant's truth and veracity, not for any indication as to whether he is a violent or peaceable individual. * * *

"[Y]ou can't ask those questions. If a character witness would testify as to his peaceable nature, that is a different story. Because, the offenses I have before me are basically ones that relate not at all to truth and veracity but to different kinds of character traits not in evidence, not placed in evidence by the defendant. So, you will be precluded in that regard, as well."

The trial proceeded, and the state presented its case. Stewart then testified in his own defense and presented two character witnesses. When one of these character witnesses testified that in her opinion Stewart was a "truthful and honest" person, the trial justice ruled, sua sponte, that the defense

had "opened the door for the State to inquire of [the] witness as to the defendant's prior convictions." The trial justice explained that honesty is different from truth and veracity in that "[w]hen a man breaks the law, he's dishonest." The trial justice later expounded on his decision and stated:

"You expanded your inquiry when she was on the stand to include her opinion not only as to his truthfulness, but, as well, whether or not he was honest, and when you speak of honest, it seems to me that when a man has transgressed the laws, particularly the criminal laws, on more than one occasion as it turns out here, he is not an honest person. In fact, he has shown indications of being dishonest and unwilling to obey the law. To me, you opened the door."

Thereafter, the jury found Stewart guilty as charged, and on April 29, 1997, a judgment of conviction was entered. Stewart filed a motion for a new trial that was subsequently denied. This appeal ensued.

· On appeal Stewart raises two issues: first, that the trial justice erred in allowing the evidence of his prior convictions to be admitted and that in distinguishing between truthfulness and honesty, the trial justice engaged in novel semantic construction, and second, that the trial justice erred in refusing to instruct the jury on the legal relevance of character evidence. We are persuaded by Stewart's first argument and hold that the trial justice's decision to admit evidence of his prior convictions constitutes reversible error.

The American Heritage Dictionary of the English Language 867 (Third Edition 1996) defines "honesty" as "[t]ruthfulness; sincerity." "Truthful" is defined as "[c]onsistently telling the truth; honest." *Id.* at 1920. As is noted by the state in its prebriefing state-

ment, some jurisdictions have concluded that the term "honesty" is broader than "truthful." *See State v. Vogel,* 247 Neb. 209, 526 N.W.2d 80, 85 (1995); *Wiggins v. State,* 778 S.W.2d 877, 889 (Tex.Ct.App.1989). It has also been said, however, that despite the breadth of the term "honesty," "[i]n practice, the terms 'honesty,' 'truthfulness' or 'veracity,' and 'being a law-abiding citizen' are frequently conjoined in the normal foundation question." *State v. Micci,* 46 N.J.Super. 454, 134 A.2d 805, 810 (1957).

We deem the latter position to be more persuasive. In our view the distinction between the word "truthful" and the word "honest" is so subtle as to be imperceptible. Pursuant to Rule 609 the trial justice had the discretion to exclude certain misdemeanor convictions that do not involve honesty or false statements. Furthermore, because the testimony of the character witnesses was directed to Stewart's character for truthfulness, the trial justice, pursuant to Rule 404(b) of the Rhode Island Rules of Evidence, was required to exclude any reference to the convictions during the cross-examination of the witnesses. Having previously determined that the convictions did not involve "dishonesty" or were too remote, and thereby deciding to exclude any reference to them, the trial justice, absent compelling circumstances—which we do not find to exist—should not have revisited his earlier decision and allowed into evidence testimony concerning the earlier convictions.[1] Accordingly we hold that the subsequent decision of the trial justice to admit evidence of Stewart's prior convictions constitutes reversible error.[2]

Having found a sufficient basis in Stewart's first argument upon which to grant his appeal, we need not address the merits of his second argument.

---

**1.** Rule 609 of the Rhode Island Rules of Evidence is consistent with the notion that not all crimes involve dishonesty because it provides that "if the conviction is for a *misdemeanor not involving dishonesty or false statement*" the proponent of such evidence must make an offer of proof out of the jury's hearing to give the adverse party the opportunity to contest its use at trial. Thus the trial justice's belief that "[w]hen a man breaks the law, he's dishonest," cannot be accepted as a universal truism.

**2.** We note that in so holding we express no opinion on whether the trial justice was correct in excluding the convictions or whether we would have found error in a decision to allow the convictions in as evidence in the first place. We are merely stating that having decided to exclude the convictions, the trial justice should not have reversed his decision.

For the foregoing reasons the defendant's appeal is sustained, and the judgment of conviction is vacated. We remand the case to the Superior Court for a new trial.

BOURCIER, J., did not participate.