HON. GEORGE B. LAKE, CHIEF JUSTICE.
" DANIEL GANTT,
" SAMUEL MAXWELL, } ASSOCIATE JUSTICES.

---

JAMES D. BROWN, APPELLANT, v. SAMUEL O'BRIEN,
APPELLEE.

1.* **Practice**: REPORT OF REFEREE. The report of a referee upon questions of fact, like the verdict of a jury, will not be set aside unless clearly against the weight of the evidence.

2. **Partnership.** A. and B. entered into a written partnership agreement concerning a herd of cattle furnished by A., and to be cared for by B., A. also advanced money for further investment in the enterprise, a portion only of which B. used for that purpose. A. told B. to invest the remainder in "something that would pay, and not let it be idle." B. afterwards rented land in his own name, raising crops of wheat and barley, upon which a judgment creditor of B. levied. A. brought an action to enjoin a sale under the levy, setting forth his partnership with B. in the

cattle venture, and claimed that the crops levied on were part of the assets raised for and on account of the partnership: *held*, that the partnership did not extend to the crops raised by B.

APPEAL from Dodge county.   The facts are as follows:

On the fifth day of April, 1871, James D. Brown, plaintiff, and Thomas M. Boyer, one of the defendants, entered into a written contract, under which the former furnished the latter a herd of cattle consisting of cows and young stock, estimated at an agreed price of thirteen hundred and sixty-five dollars.   Boyer agreed to take good care of the herd for three years from the first day of April, 1871.   Boyer also agreed to make what butter he could by good management, to raise all the calves and to increase the herd as fast as possible.   Boyer was to have the privilege of trading any of said cattle for others, and the privilege of selling the same for cash.   Other cattle were afterwards to be furnished by the plaintiff, the same to be treated and regarded as part of the increase. It was further agreed between the parties, that at the expiration of the said three years, Boyer was to return to the plaintiff stock out of said herd to the value of thirteen hundred and sixty-five dollars, together with the additional value of any stock he might thereafter furnish Boyer, which were to be kept by Boyer on same terms. After plaintiff had received of Boyer in stock the amount that he had furnished, the balance of the herd was to be divided equally between them, and a basis was fixed for the price of cattle to be returned to Brown at the end of three years, or whenever they were returned.   During the time of this arrangement between the plaintiff and Boyer, the latter traded a portion of the herd for sheep, sold the sheep and paid the plaintiff the amount to which he was entitled under the contract.   The plaintiff afterwards returned to Boyer $500 for further investment in cattle.   Of this amount he paid for stock $226.   In a

conversation had between the parties in reference to the balance of the money on hand in Boyer's possession not invested, the plaintiff told Boyer to invest the money in something that would pay and not let it be idle. After this conversation Boyer rented of one Wilcox a piece of land in his own name, agreeing to build a small house thereon for the rent, and to pay taxes. On this land Boyer raised crops of wheat and barley. In the cultivation of the land, Boyer used his own farm implements, and the machinery used in harvesting. In procuring seed wheat he traded one of the cows of the herd belonging to him and plaintiff. Upon the wheat and barley thus raised, defendant Samuel O'Brien, who had before procured judgment against the defendant Boyer, levied under and by virtue of an execution issuing from the district court of Dodge county. At a sale under the execution, the defendant O'Brien became the purchaser of said wheat, and threshed a portion, when he was stopped from further work by a temporary order of injunction issued in this cause, the plaintiff seeking by this action to have a final accounting between himself and defendant Boyer, and for a decree declaring that the crops so raised by defendant Boyer were part of the partnership assets.

The referee made a report in accordance with these facts, and from the evidence introduced further found that the plaintiff did not know, until after the sale of the grain under the execution issued by defendant O'Brien, that Boyer was engaged in raising wheat; that he had not seen Boyer for six or seven months; that there was nothing said between plaintiff and Boyer before the latter engaged in the wheat enterprise; that there was no fraud on the part of Boyer, or breach of trust in investing in the wheat enterprise a small amount of money received from the sale of stock furnished by the plaintiff, or in trading one of the cows for seed wheat;

and that there was no agreement between the plaintiff and defendant Boyer in reference to renting the land, which Boyer did rent, or any other land for the purpose of raising a crop on the joint interest or otherwise of the plaintiff and Boyer.

*Savage & Manderson,* for appellants.

The written contract in evidence, and its subsequent oral modification, as found by the testimony, created a partnership in the wheat and barley, between the two last named parties. *Gow on Partnership,* 1. *Parson's on Part.,* 8, 47. *Reid v. Hollinshead,* 4 *Barn. & Cress.,* 867. *Miller v. Price,* 20 *Wis.,* 117. *Cashman v. Bailey,* 1 *Hill,* 526. *Story on Partnership,* § 15. 1 *Parsons on Contracts,* 157. *Briggs v. Vanderbilt & Drew,* 19 *Barb.,* 222. Community of profit in a joint adventure is the test of partnership. *Loomis v. Marshall,* 12 *Conn.,* 79.

*Gray & Briggs,* for appellee O'Brien.

I. The referee who finds there is no partnership between Brown and Boyer in the grain in controversy, has heard the witnesses and is the best judge as to what the truth of the matter really is. The report is only to be set aside when the finding is clearly against the weight of the evidence. *Green v. Brown,* 3 *Barb.,* 119. *Mersereau v. Lewis,* 25 *Wend.,* 243. *Bearss v. Copley,* 10 *New York,* 93.

II. The error, to require the court to set aside a report, must be a clear and decisive error, by which the party objecting has been injured. *Ludington v. Taft,* 10 *Barb.,* 448. *Woodruff v. McGrath,* 32 *New York,* 255. *Douglass v. Tousey,* 2 *Wend.,* 353.

LAKE, CH. J.

In the court below, all the issues in this case, both of fact and law, were referred to and tried before a referee, whose report was confirmed and the case dismissed. Several exceptions having been taken by the plaintiff to the referee's report, and overruled by the court, the main question for our determination is, were these exceptions well taken?

As to all the questions of fact, submitted to the referee, his report thereupon must have the same effect and be treated in all respects as the verdict of a jury. *Civil Code, Sec.* 300. The court has no right to set it aside unless it be manifestly against the weight of the evidence. *Green v. Brown,* 3 *Barb.,* 119. *Bearss v. Copley,* 10 *New York,* 93.

We have looked very carefully into this record, and weighed the testimony, especially that of the plaintiff, but can see nothing which calls for a reversal of the judgment. It is unnecessary for us to recapitulate the evidence, or to incorporate any portion of it into this opinion, for the reason that all the several objections to this report, urged upon our attention either in the printed brief or oral argument of counsel, go to the conclusion of law which the referee drew from a consideration of the entire testimony, as to the alleged partnership between the plaintiff and the defendant Boyer, in the cultivation of the farm which the latter had rented and conducted in his own name.

We are of the opinion that there was a signal failure to establish the alleged partnership. The alleged interview between these parties in the winter or spring of 1872, at Omaha, in respect to the investment of the residue of the five hundred dollars, then remaining in Boyer's hands, fell far short of doing so. It was alto-

gether too indefinite, and uncertain, to have that effect. Neither did the management of the farm by Boyer tend, in the slightest degree, to show that he considered Brown as a co-partner with him in that business, or as entitled to any definite share in the crops raised.

We think that Boyer was simply liable for the money advanced to him by Brown, and not invested in cattle. We do not think that, under the testimony, Brown could have been held liable as a partner, for either the rent of the farm, or for any debt which Boyer contracted in its cultivation. Neither do we think, that, as against the creditors of Boyer, he should be permitted to hold the products of the farm, under a claim of partnership, based upon so fragile a case.

For these reasons we are of the opinion that the report of the referee should be affirmed, and a judgment rendered in conformity thereto. The other judges concur.

JUDGMENT ACCORDINGLY.