STATE OF NEBRASKA, APPELLEE, v. MERVIN WHIPPLE, APPELLANT.

204 N. W. 2d 572

Filed March 2, 1973. No. 38688.

Charles F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The defendant has appealed from an order of the district court overruling his motion for a new trial upon the ground of newly discovered evidence.

The defendant was originally convicted on one count of assault and battery and one count of assault with intent to commit robbery. The convictions were affirmed on appeal to this court. See State v. Whipple, *ante* p. 259, 202 N. W. 2d 182. The facts of the crime are set out in that case. Approximately one month after the defendant's trial, Richard Colgrove, a companion, was

tried on similar charges arising out of the same events. He was found guilty of simple assault but was acquitted on the robbery charge.

The defendant Whipple now asserts that he is entitled to a new trial on the ground of newly discovered evidence because the victim's testimony as to the words used by Whipple in demanding the pickup differed slightly at the two trials. He also asserts there was evidence at the second trial that an individual other than Whipple or Colgrove had cut the victim at the time of the assault. The testimony at both trials clearly establishes that the defendant Whipple demanded the victim's pickup and when he was refused, he hit and beat the victim, and, with his companions, took the pickup.

The only evidence which could arguably be of any possible importance was the victim's testimony at both trials as to Whipple's demands and language. It is obvious that cross-examination at Whipple's trial could have produced the identical evidence that appeared at Colgrove's trial on this point. In both trials the general impact of Whipple's words as related by the victim was exactly the same. The defendant seeks to conjure up a magic mountain from a linguistic molehill. In a criminal case, a new trial may be granted for newly discovered evidence which is competent, material, and credible which might have changed the result of the trial and which the exercise of due diligence could not have discovered and produced at the trial. Gates v. State, 160 Neb. 722, 71 N. W. 2d 460. Here there is only a colorable assertion that due diligence could not have discovered the evidence and an even less colorable contention that the evidence might have changed the result of the trial. A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court and unless an abuse of discretion is shown, its determination will not be disturbed. State v. Evans, 187 Neb. 474, 192 N. W. 2d 145. There is no abuse of discretion here.

The judgment is affirmed.

AFFIRMED.