STATE OF NEBRASKA, APPELLEE, v. DENNIS CRAWFORD, APPELLANT.

237 N. W. 2d 140

Filed January 8, 1976. No. 40118.

John P. Icenogle of Tye, Worlock, Tye, Jacobsen & Orr, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

The issue on this appeal is whether the trial court erred in denying the defendant a new trial on the ground of newly discovered evidence. We affirm.

Defendant was found guilty by a jury of the burglary of the residence of one Suchanek. The defendant and a female companion were apprehended while in the Suchanek residence.

A neighbor of Suchanek had observed the defendant make entrance through a broken window. This witness had also observed the defendant while he was inside the house and testified that the defendant had on his hands a pair of white stockings. It was apparently the theory of the prosecution that the stockings were a substitute for gloves and were being used to avoid leav-

ing fingerprints on the premises, and that this evidenced an intent to burglarize. The defendant, who was an acquaintance of Suchanek, testified that he had Suchanek's permission to enter the house. This was denied by Suchanek. The defendant denied having had on his hands or on his person the white stockings. Defendant's explanation for his presence and that of his companion in the Suchanek residence is somewhat unclear. However, the explanation he gave negatives an intent to burglarize. At the trial a city law enforcement officer testified that on the morning following the breaking and entering and shortly before the defendant was to be transferred from the city to the county jail, the defendant had in his pockets a pair of white stockings. The defendant at trial denied this.

The newly discovered evidence on which the defendant rests his claim to a new trial is the testimony of a county law enforcement officer that when the defendant reached the county jail after his transfer from the city jail the defendant did not have on his person a pair of white stockings.

The applicable rules are: In a criminal case, a new trial may be granted for newly discovered evidence which is competent, material, and credible, and which the exercise of due diligence could not have discovered and produced at trial. A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court and unless an abuse of discretion is shown that court's determination will not be disturbed on appeal. State v. Whipple, 189 Neb. 723, 204 N. W. 2d 572. Each case must be judged on its own facts and circumstances. State v. Haynes, 186 Neb. 238, 182 N. W. 2d 199.

There are at least two reasons why there was no abuse of discretion by the trial court in this case. The evidence itself is only slightly corroborative of the defendant's story. It in no way contradicts the testimony of the eyewitness that the defendant had the stockings

on his hands while in the residence. Further, there appears to be no reason why the defendant could not have by due diligence produced the new evidence at trial. The affidavit in support of the motion recites that he did not know of the evidence and by way of legal conclusions states that he could not have discovered it with due diligence. The affidavit, however, does not describe any effort to discover such corroborative evidence, and there appears to be no reason why he could not have made such an effort even if he had to ask for a short continuance to interrogate the persons in the sheriff's office during the course of the trial. The defendant himself would know the identity of these persons and would also know whether or not he had white stockings in his possession when he reached the county jail.

AFFIRMED.