STATE OF NEBRASKA, APPELLEE, v. JAY M. APPLEGARTH, APPELLANT.

246 N. W. 2d 216

Filed October 20, 1976. No. 40617.

Donald R. Hays, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant, Jay M. Applegarth, was found guilty in municipal court of operating a motor vehicle while his operator's license was suspended. The District Court affirmed. Defendant prosecutes an appeal to this court, presenting two questions. (1) Whether section 60-418.01, R. R. S. 1943, requires personal certification by the Director of Motor Vehicles before a copy of the order of suspension of an operator's license can be admitted into evidence. (2) Whether the identity between the defendant and the person named in the order of suspension was sufficiently proved. We affirm.

We note defendant's motion for new trial was filed within 10 days from the date of the sentencing but not within 10 days from the date of the verdict. In State v. Lacy (1976), 195 Neb. 299, 237 N. W. 2d 650, we said: "The time requirements of section 29-2103, R. R. S. 1943, are mandatory. A motion for a new trial under that section must be filed within 10 days after the verdict is rendered, not within 10 days from the date of sentencing, unless the verdict and sentencing occur on the same day."

There has been confusion about this point. The appellee has not made it an issue herein. We again call attention to it, but decide the case on the issues presented.

Exhibit 1, a certified copy of the order of suspension and copies of abstracts of prior convictions, was introduced into evidence for the purpose of proving the defendant's license had been suspended. These copies carried the seal of the Department of Motor Vehicles. They were certified in the name of the director by Sidney L. McCartney, who was described as "Supervisor Driver

Records Office and the officer having custody of the records."

Defendant argues that a certified copy of an order suspending a motor vehicle operator's license to be admissible in evidence must be personally certified by the Director of Motor Vehicles. There is no merit to this assignment. See Lutjemeyer v. Dennis (1970), 186 Neb. 46, 180 N. W. 2d 679. We there held the revocation of a license to operate a motor vehicle under the point system is a ministerial act. We also held administrative authority vested in the Director of Motor Vehicles by the statute may be exercised in the name of the director by properly designated subordinates. It should be apparent, and we so hold, if the revocation of the license in the first instance is a ministerial act, certainly the certification of a copy of the suspension order must be also.

Defendant for his second assignment argues the identity between him and the person named in the record was not sufficiently proved, because no evidence was submitted at the trial tending to show he was the same person as the person named in the record. Section 60-418.01, R. R. S. 1943, provides that a copy of the order revoking any motor vehicle operator's license for the privilege of operating a motor vehicle, duly certified and bearing the seal of the Department of Motor Vehicles, shall be admissible in evidence without further proof, and shall be prima facie evidence of the facts therein stated in any proceedings, civil or criminal, in which such suspension or revocation is an issuable fact.

Section 60-418.01, R. R. S. 1943, is analogous to section 29-2222, R. R. S. 1943, permitting proof of a prior conviction in an habitual criminal proceeding by the introduction of a copy of the former judgment. What we said in State v. Micek (1975), 193 Neb. 379, 227 N. W. 2d 409, on that point is controlling herein: "An authenticated record establishing a prior conviction of a defendant with the same name is prima facie sufficient

to establish identity for the purpose of enhancing punishment; and, in the absence of any denial or contradictory evidence, is sufficient to support a finding by the court that the accused has been convicted prior thereto."

We hold that an authenticated record, certifying the suspension of an operator's driving privilege is prima facie sufficient to establish identity for a person with the same name in the absence of any denial or contradictory evidence. The defendant did not deny that he was the person named in the suspension order. Nor did he offer any contradictory evidence to that effect. There is no merit to his assignment.

The judgment of the District Court is affirmed.

AFFIRMED.