STATE OF NEBRASKA, APPELLEE, V. KENNETH HAWKMAN, APPELLANT.

254 N. W. 2d 90

Filed June 1, 1977.   No. 41125.

Magnuson, Magnuson & Peetz, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Hawkman pled guilty to assault with intent to commit a robbery, stabbing with intent to wound or maim, assault with intent to inflict great bodily injury, and attempting to steal an automobile.   He was sentenced to 5 to 15 years on the first three offenses and 1 year on the fourth, all sentences to run concurrently.   Defendant pro se filed a motion for a new trial and a request for appointment of counsel. Counsel was appointed and an amended motion for a new trial was filed.   The motion for new trial was overruled and defendant prosecutes this appeal.   We affirm.

Defendant acknowledges that his motion for a new

trial was filed out of time. Our law is well settled. A motion for a new trial that is not filed within the time specified by statute is a nullity and of no force and effect. State v. Betts, 196 Neb. 572, 244 N. W. 2d 195 (1976). Defendant seeks to avoid the consequences of this rule by alleging that he was unavoidably prevented from filing the motion within time.

Section 29-2103, R. R. S. 1943, provides that a motion for a new trial must be filed within 10 days after the verdict was rendered unless unavoidably prevented. As early as Roggencamp v. Dobbs, 15 Neb. 620, 20 N. W. 100 (1884), this court said: "The words 'unavoidably prevented' are equivalent in meaning to circumstances beyond the control of the moving party, and do not excuse mere neglect."

In Stanosheck v. State, 168 Neb. 43, 95 N. W. 2d 197 (1959), we said: "The words 'unavoidably prevented' as used in section 29-2103, R. R. S. 1943, are equivalent in meaning to circumstances beyond the control of the party desiring to file the motion for new trial. The law requires diligence on the part of clients and their attorneys, and the mere neglect of either will not entitle a party to relief on that ground."

There is nothing in this record which would permit us under our law to find that the defendant was unavoidably prevented from filing a motion for a new trial. Hawkman's pro se motion was filed after he entered the Penal and Correctional Complex. He attempts to sustain his position by pleading ignorance of the requirement and ineffectiveness of counsel.

Hawkman, by failing to file a motion for new trial within time is precluded from raising in this appeal any of the questions he seeks to raise except excessiveness of sentence. Hawkman was on probation on a felony committed in South Dakota at the time of the offense herein. Defendant, in an attempt to secure the keys to the vehicle, used a knife on its owner who sustained cuts in the struggle.

The sentencing judge, considering the fact that all

the acts charged arose out of the same transaction, made the sentences concurrent. The sentences imposed are well within the statutory limits. This court has repeatedly said that a sentence within statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. State v. Holloman, 197 Neb. 139, 248 N. W. 2d 15 (1976). There was no abuse of discretion herein.

The judgment of the trial court is affirmed.

AFFIRMED.