STATE OF NEBRASKA, APPELLEE, V. KENNETH HAWKMAN, APPELLANT.

271 N. W. 2d 46

Filed November 1, 1978. No. 41863.

Magnuson, Magnuson & Peetz, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an appeal from an order denying post conviction relief. Appellant was prosecuted in the District Court for Cherry County, Nebraska, upon an information consisting of four counts. Following a plea of guilty to each count, concurrent sentences were imposed. A belated motion for new trial was filed and upon appeal to this court the judgment was affirmed. State v. Hawkman, 198 Neb. 578, 254 N. W. 2d 90.

Subsequently, appellant moved for post conviction relief upon the grounds of ineffectiveness of counsel and that the several charges against him constituted double jeopardy. The trial court ordered an evidentiary hearing, after which it made specific findings that the evidence was insufficient to establish the allegations of lack of effective assistance of counsel, and the further claims of redundant charges of double jeopardy.

The evidence, all offered by the appellant, consisted of testimony by his previous counsel and by the appellant himself. The record does not show any testimony bearing upon the question of what standard of performance should be expected of a lawyer with ordinary training and skill in the criminal law in his area, according to State v. Leadinghorse, 192 Neb. 485, 222 N. W. 2d 573. The appellant disputed various portions of the testimony of his counsel. The trial court, having heard the testimony and observed the witnesses, resolved any conflicts in the testimony by its findings. No error in such findings has been shown.

Appellant was charged upon four counts: (1) Assault with intent to rob; (2) assault with intent to

commit great bodily injury; (3) stabbing with intent to wound and main; and (4) attempt to steal an automobile. Appellant claims that each pair of counts was redundant and that he was thereby placed in double jeopardy. Had the action gone to trial, it is possible that a motion to elect would have been appropriate at the conclusion of the evidence of the prosecution and might have been sustained by the trial court; any such motion, however, would have been premature in the actual proceedings. The claim of redundance can only be effective insofar as it bears upon the question of double punishment, hereinafter considered. The record shows that this was the first prosecution against the appellant for any of the acts charged; and since he had not previously been convicted, his claim of double jeopardy is not well-founded. It might be claimed that the four sentences pronounced upon the four charges constituted multiple punishment for a single transaction, contrary to Amendments V and XIV to the Constitution of the United States. These sentences were made to run concurrently with each other and do not violate the constitutional provisions. Felio v. United States, 55 F. 2d 161 (Neb., 1932); 24B C. J. S. Criminal Law, § 1990, p. 606. The finding of the trial court in this respect is correct.

No error having been shown, the judgment of the trial court is affirmed.

AFFIRMED.

CLINTON, BRODKEY, and WHITE, JJ., concur in result. McCOWN, J., dissents.