STATE OF NEBRASKA, APPELLEE, V. STUART J. KOCH, APPELLANT.
402 N.W.2d 275

Filed March 13, 1987.   No. 86-718.

Kent E. Florom, Lincoln County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Lisa D. Martin-Price, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

Appellant, Stuart J. Koch, was found guilty by a jury in Lincoln County of two counts of violation of Neb. Rev. Stat. § 28-517 (Reissue 1985), possession of stolen property. The value of the stolen property involved in each count was over $1,000, constituting Class III felonies (Neb. Rev. Stat. § 28-518(1) (Reissue 1985)).

Appellant was sentenced to a term of probation of 5 years, ordered to pay restitution and costs, and ordered to serve a term of 90 days in jail as a condition of probation. In his appeal Koch assigns as the sole error, "The District Court of Lincoln County . . . abused its discretion by overruling Appellant's Motion for New Trial based upon newly discovered evidence." We affirm.

Neb. Rev. Stat. § 25-1142 (Reissue 1985) provides in part:

> A new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, report of a referee, or a decision by the court. The former verdict, report or decision shall be vacated and a new trial granted on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party: . . . (7) newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial . . . .

However, "[n]ew evidence offered in support of a motion for new trial must be so potent that, by strengthening evidence already offered, a new trial would probably result in a new verdict." *State v. Lieberman*, 222 Neb. 95, 103, 382 N.W.2d 330, 336 (1986). Such new evidence must not be merely cumulative. *State v. Hortman*, 207 Neb. 393, 299 N.W.2d 187 (1980).

At issue in the trial was the intent with which appellant possessed a quantity of hives and other related beekeeping equipment, together with the bee colonies. After an inspection by the State Apiarist of two unregistered apiaries, the Apiarist determined that the hives and associated material belonged to two separate beekeepers who had reported thefts of that material. The State Apiarist is an appointee of the Director of Agriculture and exercises the duties specified in Neb. Rev. Stat.

§§ 81-2,165 et seq. (Reissue 1981). The Apiarist testified that each beekeeper generally has a distinctive brand on his equipment, distinctive hive design, and frequently distinctive color combinations. It is sufficient to say that the evidence was overwhelming that the hives and associated equipment were stolen from the two beekeepers, that appellant had attempted to disguise the origin of the hives by painting and chiseling brand marks, and that the value of the property possessed exceeded $1,000 on each count.

It was the position of the appellant at trial that the material was purchased by him as agent of the First Unitarian Church of Hershey, Nebraska. First Unitarian Church has no other locatable members save appellant, and he appears to have access to the church funds for his own use. The seller was one Juan Martinez, whose whereabouts were not known. At trial two bills of sale covering the equipment were introduced. The newly discovered evidence is yet another bill of sale that apparently was sent from North Platte to Houston, and from Houston to the pastor of Holy Spirit Catholic Church, who furnished it to appellant.

In addition to being cumulative, the newly discovered evidence falls far short of being persuasive. The trial court was correct in refusing to grant a new trial.

AFFIRMED.