NIKOLAUS R. HANSL, APPELLANT, V. CREIGHTON UNIVERSITY, APPELLEE.

497 N.W.2d 63

Filed March 19, 1993.  No. S-90-1066.

E. Terry Sibbernsen and, on brief, Steven Lefler and Barbara L. Flick, of Lefler & Flick, for appellant.

Ronald F. Krause and David A. Blagg, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

FAHRNBRUCH, J.
The district court for Douglas County granted a summary

judgment in favor of Creighton University in Nikolaus R. Hansl's lawsuit against the university for breach of contract and negligence.

Hansl then filed a post-summary-judgment pleading, which was overruled. Hansl has appealed that ruling to this court.

Although Hansl's post-summary-judgment pleading is labeled a "Motion for Reconsideration of Motion for Summary Judgment," we conclude from its content that it is, in fact, a motion for a new trial based upon alleged newly discovered evidence.

We affirm the ruling of the district court.

## FACTS

On July 1, 1985, Dr. Nikolaus R. Hansl, a faculty member at Creighton University, entered into a settlement agreement with Creighton, whereby Hansl would resign as a faculty member and employee of the university. In exchange for Hansl's resignation, Creighton agreed, among other things, to provide office and laboratory space for Dr. Hansl for a period of 2 years and to "provide liability, fire and extended insurance coverage on such office facilities and for the benefit of Hansl."

After a 4-month absence, Hansl returned to his office in November 1986 to find that a refrigerator in which he had stored experimental compounds was unplugged and that the compounds were destroyed. In connection with this incident, Hansl sued Creighton on September 15, 1987, for breach of contract and, in a second amended petition, for alleged negligence as well.

On the basis of the pleadings, depositions, and exhibits, the district court entered summary judgment in favor of Creighton on June 28, 1990.

On July 5, 1990, Hansl filed in the district court a post-summary-judgment pleading for new trial, pursuant to Neb. Rev. Stat. § 25-1142 (Reissue 1989), wherein he claimed that there was newly discovered evidence which could not, with reasonable diligence, have been discovered and produced at the hearing on the motion for summary judgment. Hansl's motion was overruled on October 1, 1990, and Hansl timely appealed the overruling of that motion to this court.

## STANDARD OF REVIEW

A motion for new trial on the basis of newly discovered evidence is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed. *Miles v. Box Butte County*, 241 Neb. 588, 489 N.W.2d 829 (1992); *Waite v. A. S. Battiato Co.*, 238 Neb. 151, 469 N.W.2d 766 (1991).

## DISCUSSION

The record shows that Hansl's "newly discovered evidence," described as "a package of memos," consisted of several pieces of correspondence between Hansl and various Creighton personnel. Therefore, it is apparent that Hansl had knowledge of these documents prior to the summary judgment hearing. All of the documents were dated between 1976 and 1982, long before Hansl's petition in the present suit was filed.

Hansl has failed to show any reason why he could not have produced this evidence at the summary judgment hearing, had he chosen to do so. Newly discovered evidence is not a ground for a new trial when the exercise of due diligence before the trial would have produced it. See *Miles v. Box Butte County, supra*.

There being no factual basis for Hansl's claim that his "newly discovered evidence" could not have been discovered with the exercise of due diligence before the summary judgment hearing, the district court did not abuse its discretion in denying Hansl's motion for a new trial. The order of the district court is affirmed.

AFFIRMED.

WHITE, J., not participating.