STATE OF NEBRASKA, APPELLEE, V. CHARLES RAYMOND
MCCORMICK, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. DAVID EUGENE HALL,
APPELLANT.

518 N.W.2d 133

Filed July 1, 1994.   Nos. S-93-844, S-93-845.

Chris M. Arps, of Arps & Schirber Law Offices, for appellants.

Don Stenberg, Attorney General, and Joseph P. Loudon for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

WHITE, J.

These appeals arise from the convictions of the appellants, Charles Raymond McCormick and David Eugene Hall, for manufacturing a controlled substance: marijuana. Appellants were each sentenced to 5 years' imprisonment.

This case involves three codefendants, McCormick, Hall, and Bryle Edward Radden. The appeals of McCormick and Hall are consolidated on appeal because appellants raise the same issues and are represented by the same attorney.

This case comes before the court with numerous procedural problems which have caused a tremendous amount of confusion between the parties regarding what proceedings and issues are before this court for review. It will be helpful to first outline the chronology of events surrounding the arrest and prosecution of the appellants and then determine which proceedings are properly before this court for review.

On January 19, 1993, pursuant to a search warrant, the Sarpy County sheriff's office simultaneously executed search warrants on two separate residences. During the course of these searches, evidence was gathered and several arrests were made. Among those persons arrested were McCormick and Hall. McCormick and Hall were each charged with one count of manufacturing a controlled substance, to wit: marijuana; possession of marijuana (more than 1 pound); and failing to affix a tax stamp.

The criminal investigation leading up to the searches commenced after an anonymous informant provided

information to the police. On March 17, prior to trial, appellants learned that the informant had been on probation at the time he provided the information to the police. Concerned that evidence derived from the information provided by the informant might be inadmissible pursuant to Neb. Rev. Stat. § 29-2262.01 (Reissue 1989), defense counsel attempted to discern the informant's role in the investigation. In response, the county attorney told the court that the informant did not act as an employee or undercover agent of the law enforcement agency when he provided the information. Although the district court did not allow appellants to learn the identity of the informant, the court did permit defense counsel to question, under oath, two Sarpy County police officers regarding the nature of the informant's involvement in the investigation.

Defense counsel was permitted to question Sgt. Mark A. Topil and Deputy Sheriff Randall J. Scott, each of whom had direct contact with the informant. During the questioning defense counsel inquired whether the informant was on probation or parole. The officers told defense counsel that the informant was on probation when he provided the information to the police. Defense counsel also asked the officers whether the informant was paid for the information. Topil stated that the informant was not paid for providing information to the police. Defense counsel then attempted to question the officers about the informant's criminal history and alleged history of substance abuse. The district court sustained the county attorney's objections to those questions. Defense counsel did not ask the officers any other questions regarding the informant or his role in the criminal investigation.

On April 19, the district court held a bench trial based on stipulated facts. On April 20, the district court found each appellant guilty of one count of manufacturing a controlled substance.

After the guilty verdict was rendered, but before sentencing, a private investigator hired by appellants discovered the informant's name and criminal history. On June 3, appellants filed motions for new trial based on newly discovered evidence. The basis for appellants' motions was the information the investigator had gathered about the informant. On June 4,

appellants were each sentenced to 5 years' imprisonment.

At a hearing held June 11 on appellants' motions, the district court ordered the county attorney to disclose to appellants the name of the informant and allow appellants to depose the informant. On July 5 and August 23, appellants served the county attorney with notice of scheduled depositions of the informant. On both occasions, the county attorney refused to appear, refused to disclose the identity of the informant, and refused to produce the informant for the depositions. The county attorney subsequently filed his own appeal from the June 11 order.

Without any other action, the district court denied appellants' motions for new trial based on newly discovered evidence on August 25. Appellants filed motions for rehearing, and on September 10 the court denied those motions. On September 23, appellants each filed a notice of appeal.

Before considering the merits of the issues raised on appeal, we must first consider appellee's argument that the appeals are not timely. Timeliness of an appeal is jurisdictional. *In re Interest of J.A.*, 244 Neb. 919, 510 N.W.2d 68 (1994); *Metrejean v. Gunter*, 240 Neb. 166, 481 N.W.2d 176 (1992); *State v. Spotted Elk*, 227 Neb. 869, 420 N.W.2d 707 (1988); *State v. Stickney*, 222 Neb. 465, 384 N.W.2d 301 (1986).

Liberally construing appellants' arguments, we note that they appeal from two separate proceedings: (1) the judgments and (2) the orders overruling their motions for new trial based on newly discovered evidence. In determining the timeliness of the appeals, we will separately address each of these proceedings.

Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1992) sets forth the only method by which a party may invoke the jurisdiction of an appellate court to review a criminal case. Section 25-1912(1) provides that

the proceedings *to* obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court . . . shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the rendition of such judgment or decree

or the making of such final order, a notice of intention to prosecute such appeal signed by the appellant . . . .

In a criminal case, judgment occurs when the verdict *and* sentence are rendered by the court. *Spotted Elk, supra* (stating that in a criminal case the judgment date is the date on which the defendant is sentenced); *State v. Long*, 205 Neb. 252, 286 N.W.2d 772 (1980). Although § 25-1912(2) provides for the termination of the 30-day limitation period, this terminating provision does not apply to criminal actions. *Spotted Elk, supra*. Thus, the filing of a motion for new trial shall have no effect on the jurisdictional requirement that, in a criminal action, an appealing party must file a notice of appeal within 30 days after the date of sentencing. See *State v. Flying Hawk*, 227 Neb. 878, 420 N.W.2d 323 (1988).

In the instant case the district court rendered its guilty verdicts on April 20 and sentenced appellants on June 4. Each appellant timely filed a notice of appeal on June 4. Those appeals, however, were dismissed by the Nebraska Court of Appeals. *State v. McCormick*, 4 NCA xi (case No. A-93-494, Aug. 19, 1993); *State v. Hall*, 4 NCA xi (case No. A-93-495, Aug. 19, 1993). Contra *Smith v. State*, 167 Neb. 492, 93 N.W.2d 499 (1958) (holding that proceedings in an appeal filed in the Supreme Court and in a motion for new trial on the ground of newly discovered evidence filed in district court may be separately conducted in both courts at the same time). Appellants did not seek further review of the dismissals by the Court of Appeals. Despite the questionable ruling of the Court of Appeals, the dismissals terminated the appeals, and the notices of appeal filed by appellants on June 4 is ineffective to confer jurisdiction on this court to review the present appeals. Thus, appellants failed to properly invoke the jurisdiction of this court to review their appeals from the judgment.

Although the filing of a motion for new trial in a criminal case does not terminate the running of the 30-day period in which a criminal defendant must file a notice of appeal, the Nebraska criminal procedure statutes allow a criminal defendant to file a motion for new trial. Neb. Rev. Stat. §§ 29-2101 to 29-2103 (Reissue 1989). See Neb. Rev. Stat. § 25-1912.01 (Reissue 1989) (generally, motions for new trial

are not a prerequisite to perfecting an appeal). It is also apparent from a reading of the relevant statutes that a party who timely files a motion for new trial pursuant to those statutes may appeal from the overruling of such a motion provided that the party complies with § 25-1912(1). In this respect, a party may be able to preserve for appellate review issues which are presented to the district court in a timely filed motion for new trial. We caution, however, that such an appeal will be limited to those issues properly presented to the trial court in the motion.

Section 29-2101 sets forth six reasons for which a party may file a motion for new trial. § 29-2101. To be effective, the motion must be filed within 10 days of the verdict unless the motion is based on newly discovered evidence material to the moving party, which he could not with reasonable diligence have discovered and produced at trial, or unless filing within 10 days was unavoidably prevented. § 29-2103; *State v. Thompson*, 244 Neb. 375, 507 N.W.2d 253 (1993); *State v. Daly*, 227 Neb. 633, 418 N.W.2d 767 (1988). Unlike the 30-day limitation provided by § 25-1912(1), the 10-day limitation for filing a motion for new trial begins to run from the date of the verdict, not the date of sentencing. *Daly, supra*; *State v. Applegarth*, 196 Neb. 773, 246 N.W.2d 216 (1976) (explaining that the 10-day limit runs from the date of verdict, not the date of the sentencing, unless the verdict and sentencing occur on the same day); *State v. Wood*, 195 Neb. 353, 238 N.W.2d 226 (1976). If the motion is filed more than 10 days after the verdict, the motion shall have no effect unless it falls within one of the two statutory exceptions stated above. *Thompson, supra* (stating that the requirements of § 29-2103 are mandatory; if the motion is not timely filed, it will not be considered on appeal); *Daly, supra*; *State v. Hawkman*, 198 Neb. 578, 254 N.W.2d 90 (1977) (discussing what constitutes "unavoidably prevented" and considering only those issues timely raised). As stated above, when a party files a timely motion for new trial and does not otherwise file a timely notice of appeal from the judgment, the only issues which may be preserved for appellate review are those issues raised in the motion.

In the instant case, the district court entered its verdicts

against appellants on April 20, 1993. Appellants filed motions for new trial on June 3. The motions were filed more than 10 days after the verdicts and were limited only to issues relating to the alleged newly discovered evidence. Therefore, only the issues relating to the newly discovered evidence have been preserved for our review.

To summarize, the notices of appeal filed by appellants were dismissed by the Court of Appeals and are ineffective to confer jurisdiction over the present appeals. Moreover, the motions for new trial filed by appellants did not preserve any issues arising from the judgments. This court, therefore, lacks jurisdiction to address the appeals from the judgments.

As stated above, however, we do have jurisdiction to consider the appeals from the overruling of appellants' motions for new trial based on newly discovered evidence. The 10-day limitation period for filing a motion for new trial does not apply to motions based on newly discovered evidence. Appellants' motions for new trial based on newly discovered evidence, therefore, were timely filed. See, § 29-2103; *State v. Atwater*, 245 Neb. 746, 515 N.W.2d 431 (1994) (stating that a motion for new trial must be filed within 10 days after the verdict is rendered, unless the motion is based on newly discovered evidence); *Thompson, supra*; *Applegarth, supra*. The district court overruled those motions on August 25. Pursuant to § 25-1912(1), appellants timely filed notices of appeal from those final orders on September 23. This court, therefore, has jurisdiction over the proceeding in which the district court overruled appellants' motions for new trial based on newly discovered evidence. We thus confine our analysis in this case to whether the district court should have overruled appellants' motions for new trial.

A motion for new trial based on newly discovered evidence is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the determination of the trial court will not be disturbed on appeal. *State v. Hirsch*, 245 Neb. 31, 511 N.W.2d 69 (1994); *State v. Boppre*, 243 Neb. 908, 503 N.W.2d 526 (1993); *State v. Campbell*, 239 Neb. 14, 473 N.W.2d 420 (1991); *State v. Jensen*, 238 Neb. 801, 472 N.W.2d 423 (1991); *State v. Donnelson*, 225 Neb. 41, 402 N.W.2d 302

(1987); *State v. French*, 200 Neb. 137, 262 N.W.2d 711 (1978).

To constitute newly discovered evidence, the evidence presented in the motion must be material to the moving party and must be evidence which he could not with reasonable diligence have discovered and produced at trial. *Boppre, supra*; *State v. Glouser*, 193 Neb. 190, 226 N.W.2d 328 (1975). Materiality has been explained as referring to newly discovered evidence which is "so potent that by strengthening the evidence already offered, a new trial would probably result in a different verdict; the newly discovered evidence must be relevant and credible and not merely cumulative." *Boppre*, 243 Neb. at 928, 503 N.W.2d at 538 (citing *State v. Fellman*, 236 Neb. 850, 464 N.W.2d 181 (1991), and *State v. Batiste*, 231 Neb. 481, 437 N.W.2d 125 (1989), *disapproved on other grounds, State v. Pettit*, 233 Neb. 436, 445 N.W.2d 890 (1989)). Accord, *State v. Hortman*, 207 Neb. 393, 299 N.W.2d 187 (1980); *State v. Pierce*, 204 Neb. 433, 283 N.W.2d 6 (1979), *overruled on other grounds, State v. Ellis*, 214 Neb. 172, 333 N.W.2d 391 (1983); *State v. Smith*, 202 Neb. 501, 276 N.W.2d 104 (1979); *French, supra*; *Glouser, supra*. We have defined reasonable diligence as "appropriate action where there is some reason to awaken inquiry and direct diligence in a channel in which it will be successful." *Hirsch*, 245 Neb. at 50, 511 N.W.2d at 82 (citing *State v. Munson*, 204 Neb. 814, 285 N.W.2d 703 (1979)).

At this juncture, we note that appellants failed to properly assign as error the overruling of the motions for new trial. On appeal, appellants did assert and discuss as error the use of evidence derived from the informant in violation of § 29-2262.01. This is, in essence, the same error asserted in their motions. From our review of the motions and the hearing held on those motions, appellants appear to argue that the newly discovered evidence demonstrates that the evidence derived from the informant should have been excluded from their trials pursuant to § 29-2262.01. Thus, the substance of the error is before this court, and in an effort to give this case complete appellate review, we will consider the error asserted in appellants' motions.

We now consider whether the evidence provided in appellants' motions is material and whether the evidence is such

that appellants could not with reasonable diligence have discovered and produced at trial.

As stated above, evidence is material if it is so potent that by strengthening the evidence already offered, its use in a new trial would probably result in a different verdict. Additionally, the newly discovered evidence must be relevant and credible and not merely cumulative. In considering whether the evidence presented by appellants is material, it is necessary to consider what factors are relevant to the application of § 29-2262.01. That statute provides:

> A person placed on probation by a court of the State of Nebraska, an inmate of any jail or correctional or penal facility, or an inmate who has been released on parole, probation, or work release shall be prohibited from acting as an undercover agent or employee of any law enforcement agency of the state or any political subdivision. Any evidence derived in violation of this section shall not be admissible against any person in any proceeding whatsoever.

This statute mandates that any evidence derived from a person who falls within the class of persons described in the statute shall be inadmissible at trial. *State v. Schuh*, 237 Neb. 667, 467 N.W.2d 409 (1991) (single-judge opinion); *State v. Wilcox*, 230 Neb. 123, 430 N.W.2d 58 (1988) (single-judge opinion).

Prior to trial, appellants had actual knowledge that the informant was on probation at the time he provided information to the police. Appellants maintain that after trial, they learned the name of the informant, his criminal history, and that he was in county jail when he provided the information to police. We find that this alleged newly discovered evidence is not of such a quality that if a new trial is granted, its consideration would change the result.

The exclusionary rule provided by § 29-2262.01 does not apply unless the informant is both (1) in jail, on probation, or on parole and (2) acting as an undercover agent or employee of a law enforcement agency. *Schuh, supra* (finding that the informant was on parole but did not act as an undercover agent). The alleged new evidence does not make it any more likely that the evidence derived from the informant would have

been excluded pursuant to § 29-2262.01. See, *Hortman, supra* (finding that the proffered evidence would not likely have resulted in a different verdict); *Munson, supra.*

The alleged new evidence is the same in quality as the evidence that appellants were aware of prior to trial. The evidence available prior to trial established that the informant fell within the first classification set forth in § 29-2262.01 because he was on probation at the time that he provided the information to police. The alleged new evidence also establishes that the informant fell within the first classification of § 29-2262.01. In this respect, the newly discovered evidence is merely cumulative of the evidence available prior to trial. See *State v. French*, 200 Neb. 137, 262 N.W.2d 711 (1978). The new evidence is not material. See, *State v. Koch*, 224 Neb. 926, 402 N.W.2d 275 (1987) (finding that evidence offered in support of the motion was merely cumulative of evidence received during trial); *State v. Wycoff*, 180 Neb. 799, 146 N.W.2d 69 (1966).

Even if appellants brought forth evidence in their motions for new trial which demonstrated that the informant fell within § 29-2262.01, appellants failed to exercise reasonable diligence to discover and produce relevant evidence prior to trial. On March 17, 1993, during a pretrial hearing which was held in chambers, appellants' counsel raised the issue of whether the evidence derived from the informant fell within § 29-2262.01. At that time, the county attorney acknowledged that the informant had been on probation at the time he provided information to the police.

Despite assurances from the county attorney that the informant did not otherwise fall within the class of persons described in § 29-2262.01, the district court stated that during a later suppression hearing it would allow appellants' counsel to question those officers who had direct contact with the informant to determine whether § 29-2262.01 applied to the cases. The district court stated, however, that it would not permit appellants' counsel to learn the identity of the informant.

At the suppression hearing, appellants' counsel was permitted to question two officers who had been in contact with the informant. Sergeant Topil of the Sarpy County sheriff's

office testified first. The following relevant testimony was elicited by appellants' counsel from Topil:

Q. Did you participate in obtaining a search warrant for the property at 1703 Pelton Avenue and 2704 Calhoun?

A. Yes, I did.

Q. How did this all start?

A. The 12th of January, 1993, I received information from a captain at the sheriff's office that a party had information on two houses in the Bellevue area that were growing marijuana and selling the product.

Q. Were you aware of the criminal history of the gentleman?

MR. WELLMAN [county attorney]: Object; relevance, materiality.

THE COURT: Overruled. The answer would be yes or no.

A. Yes, I did.

Q. What was that?

MR. WELLMAN: Object; relevance and materiality.

THE COURT: Sustained.

MR. ARPS [appellants' counsel]: To shorten this up, Judge, if I ask any further questions, is the county attorney going to make the same objection? Like whether this person —

THE COURT: You can ask him if he was on probation, the person that he talked to.

Q. (By Mr. Arps) Was he on probation?

. . . .

A. Yes, he was on probation.

Q. For what?

MR. WELLMAN: Object; relevance and materiality.

THE COURT: Sustained.

Q. (By Mr. Arps) Was he paid?

A. No, he was not.

Q. Any prior information from this individual?

A. I had not received any information from him prior.

Q. Was he in jail?

MR. WELLMAN: Object; relevance and materiality.

THE COURT: Overruled. Calls for a yes or no answer.

A. No, he was not.

Q. Were you told how this knowledge was acquired?

MR. WELLMAN: Yes or no.

A. No.

Q. Is this person a drug user?

MR. WELLMAN: Object; relevance and materiality.

THE COURT: Sustained.

Q. (By Mr. Arps) Is this person a drug purchaser?

MR. WELLMAN: Object; relevance and materiality.

THE COURT: Sustained.

Q. (By Mr. Arps) The date of this information was on the 12th?

THE COURT: The basis for sustaining these is not the legal basis, but our in camera conference that was held.

MR. WELLMAN: All right.

Appellants' counsel did not ask any more questions with regard to whether the informant may have been an undercover agent or employee of a law enforcement agency. The remaining examination of Topil concerned what the Sarpy County sheriff's office did with the information provided by the informant.

Appellants' counsel again had an opportunity to elicit information which may have indicated that the informant was acting as an undercover agent or employee of a law enforcement agency when Deputy Sheriff Scott of the Sarpy County sheriff's office testified. During that testimony, the following exchange occurred:

Q. [appellants' counsel] Okay. When did you first start this investigation?

A. It was on — around January 12th, '93.

Q. And that's when you got a tip, right?

A. Yes.

Q. Did you know who anonymous was?

A. Yes.

Q. Was he on probation?

A. I believe that was confirmed later on, yes.

Q. Was he on parole?

MR. WELLMAN: Object; relevance, materiality.

THE COURT: Sustained for purposes of the in camera

proceeding.

Q. (By Mr. Arps) How many times did you talk to him?

A. I talked to him once.

Q. And when was that?

MR. WELLMAN: Object; relevance, materiality.

THE COURT: Overruled.

A. It was around about I believe the 14th. It was within a couple of days after Investigator Topil had received a tip.

Q. Where?

MR. WELLMAN: Object; relevance, materiality.

THE COURT: Sustained.

Q. (By Mr. Arps) Was he paid?

MR. WELLMAN: Object; relevance, materiality.

THE COURT: Sustained.

Q. (By Mr. Arps) Did he ever give you any prior information?

A. To me, no.

Q. Did he ever give you any indication how he acquired this knowledge?

MR. WELLMAN: Object; relevance, materiality.

THE COURT: Sustained.

Q. (By Mr. Arps) Was he a drug user?

MR. WELLMAN: Object; relevance, materiality.

THE COURT: Sustained.

Q. (By Mr. Arps) Drug purchaser?

MR. WELLMAN: Object; relevancy, materiality.

THE COURT: Sustained. All these are based on the in camera hearing.

MR. ARPS: Okay.

Q. (By Mr. Arps) Going back, in any event, you started an investigation, right?

A. Yes.

Appellants' counsel did not attempt to further question Scott regarding the informant's participation in the criminal investigation of appellants.

After thoroughly reviewing the in camera hearing and the subsequent testimony of the officers involved with the informant, we find that appellants' counsel failed to exercise reasonable diligence prior to trial to discover and produce

evidence which may have indicated that evidence derived from the informant was inadmissible pursuant to § 29-2262.01. Although the district court ordered that the identity of the informant was to be kept anonymous, the court did allow appellants' counsel an opportunity to question the officers regarding the informant's role in the investigation. The questions asked by appellants' counsel, however, demonstrate that counsel failed to take advantage of the opportunity to elicit evidence which may have indicated that § 29-2262.01 applied to this informant.

This court considered whether a party had exercised reasonable diligence in *State v. Jensen*, 238 Neb. 801, 472 N.W.2d 423 (1991). In *Jensen*, the defendant was arrested and charged with knowingly or intentionally possessing with the intent to manufacture, distribute, deliver, or dispense a controlled substance, to wit: cocaine, and with knowingly or intentionally possessing a controlled substance other than marijuana, to wit: methamphetamine. At trial, the county attorney introduced evidence that money found in the defendant's purse tested positive for cocaine residue. Subsequent to trial, defendant filed a motion for new trial based on newly discovered evidence: an affidavit from an expert which stated that he needed 10 days to test the money, that the tests conducted by the county attorney could have been contaminated, and that the results were inconclusive because any money pulled from general circulation could test positive. *Id.*

On appeal, there was disputed evidence regarding what happened prior to trial. This court, however, found that the district court was not clearly erroneous in accepting the county attorney's version of events. Based on that factual scenario, this court found that defense counsel failed to exercise reasonable diligence prior to trial. Specifically, defense counsel was given notice more than 4 weeks before trial that the county attorney would test the money. The county attorney also provided defense counsel with a reasonable opportunity to test the money. Defense counsel, however, never picked up the money to be tested. This court found that defense counsel failed to take advantage of the advance warning of expert testimony and the

opportunity to gather his own expert testimony. Thus, this court found that defense counsel failed to exercise reasonable diligence, and we affirmed the order of the district court overruling the motion for new trial. *Id.*

Similarly, in the instant case, appellants' counsel failed to take advantage of opportunities prior to trial to gather evidence relevant to determining whether the evidence derived from the informant was inadmissible pursuant to § 29-2262.01. It therefore cannot be said that appellants' counsel diligently pursued a reasonable course of action prior to trial. A motion for new trial based on newly discovered evidence is not a mechanism for parties to present evidence which may have been uncovered and produced prior to trial. It is important to emphasize that what those opportunities would have yielded is irrelevant to our decision; the salient factor in our analysis is the failure of appellants' counsel to fully utilize those opportunities. To hold otherwise would condone the lack of reasonable diligence which is expected and required of all parties prior to trial. See, also, *Hansl v. Creighton Univ.*, 243 Neb. 21, 497 N.W.2d 63 (1993) (finding that the moving party failed to exercise reasonable diligence in producing alleged "newly discovered evidence" prior to trial); *Miles v. Box Butte County*, 241 Neb. 588, 489 N.W.2d 829 (1992); *State v. Perez*, 235 Neb. 796, 457 N.W.2d 448 (1990); *State v. Costanzo*, 235 Neb. 126, 454 N.W.2d 283 (1990); *State v. Daly*, 227 Neb. 633, 418 N.W.2d 767 (1988); *State v. Munson*, 204 Neb. 814, 285 N.W.2d 703 (1979); *State v. Crawford*, 195 Neb. 181, 237 N.W.2d 140 (1976) (moving party failed to demonstrate reasonable diligence, and court stated that there appeared to be no reason why party could not have made an effort to uncover and produce the evidence prior to trial).

We therefore find that the district court did not abuse its discretion in overruling appellants' motions for new trial. The decisions of the district court are affirmed.

AFFIRMED.

WRIGHT, J., not participating.