MICHAEL F. LARKIN, APPELLANT, V.
ETHICON, INC., A FOREIGN CORPORATION, APPELLEE.
556 N.W.2d 44

Filed December 6, 1996.    No. S-94-349.

James R. Place, of Place Law Office, and, on brief, Gregory A. Pivovar for appellant.

Joseph E. Jones, Mary Kay Frank, and Roger L. Shiffermiller, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, WRIGHT, CONNOLLY, and GERRARD, JJ.

WHITE, C.J.

Plaintiff, Michael F. Larkin, appeals the Douglas County District Court's grant of summary judgment in favor of defendant, Ethicon, Inc. Prior to oral argument, we appointed a special master for the purpose of taking evidence on the issue of Ethicon's conduct during discovery and making recommended findings of fact. We adopt the recommended factual findings of the special master, reverse the district court's grant of summary judgment, and remand the cause for further proceedings.

On September 21, 1988, Larkin, who suffered from acromioclavicular joint separation, underwent surgery for shoulder repair. During the course of the surgical procedure, Dr. David Clough moved Larkin's distal clavicle back to its normal relationship with the shoulder joint and then tied down the clavicle with Mersilene surgical tape, a 5-millimeter-wide strand of polyester fiber. Ethicon manufactures Mersilene tape.

Two weeks after this surgery, the injury recurred, and Dr. Clough performed the surgery again on October 11, 1988. During the course of this second surgery, Dr. Clough discovered that the Mersilene tape had ruptured transversely, causing the reinjury. The ruptured tape was not saved following the surgery.

On January 17, 1991, Larkin brought this action against Ethicon, alleging negligence, strict liability, and breach of warranty. Larkin filed an amended petition based on the theory of res ipsa loquitur on January 12, 1993.

During discovery, Larkin served Ethicon with multiple sets of interrogatories. Two of these interrogatories are at issue in

this case. One interrogatory asked Ethicon to state whether it had received any complaints regarding Mersilene tape; Ethicon never answered this interrogatory. The second interrogatory asked Ethicon to state the nature of any lawsuits in which Ethicon was named. Ethicon denied the existence of any such lawsuits.

Ethicon filed a motion for summary judgment on November 12, 1993. The matter was taken under advisement until March 7, 1994, when the district court granted the motion.

Larkin timely appealed this decision, and briefs were filed in September and October 1994. We removed the case to this court pursuant to our power to regulate the docket of the Nebraska Court of Appeals. Following the scheduling of oral arguments in this court, Larkin filed a motion to stay proceedings and a motion to remand for an evidentiary hearing to address certain issues involving Ethicon's conduct during discovery. In particular, Larkin alleged that Ethicon knew of the existence of three other complaints or lawsuits filed with the Federal Drug Administration (FDA) involving instances in which Mersilene tape failed, and yet Ethicon did not answer one interrogatory and failed to answer the other interrogatory truthfully. Larkin also alleged that the provision of this information would have led to other discoverable information and thus would have affected the district court's grant of summary judgment. We appointed Judge Mary C. Gilbride as special master to take evidence on this issue and to make recommended findings of fact. The special master filed her report on June 11, 1996.

In her recommended findings of fact, the special master noted that Larkin filed a Freedom of Information Act request with the FDA, asking about any complaints or lawsuits on record involving Ethicon and Mersilene tape. On February 2, 1994, over a month before the grant of summary judgment in this case, Larkin received a response from the FDA indicating that four reports involving Ethicon and Mersilene tape had been filed. The dates of these reports were March 3, 1989; January 25, 1991 (the complaint in the instant case); November 6, 1991; and April 16, 1992. This initial response from the FDA did not reveal the names of the injured parties, the nature of the cases, or the locations of the incidents, due to confidentiality issues.

The special master further found that Ethicon itself provided the information about the three other complaints to the FDA.

The special master also found that Ethicon had specific knowledge of these additional complaints prior to the entry of summary judgment in this case, that the interrogatories at issue specifically requested this information, that Ethicon failed to comply with its discovery obligation by not providing the information it had at the time of service of the interrogatories and by not updating those answers as to the later complaints, and that Ethicon withheld information that was material to Larkin and would have affected the outcome of the summary judgment motion because it would likely have opened avenues for further discovery and would have created issues sufficient to survive the motion for summary judgment.

However, the special master also found that Larkin knew of the existence of other complaints as of February 2, 1994, but did not bring that information to the attention of the trial court. The special master noted that Larkin did not file a motion to compel discovery, did not serve additional discovery requests on Ethicon following receipt of the FDA information, did not request a continuance to pursue additional discovery, did not make a motion for new trial, and did not file a motion to vacate the judgment. The special master also found that Larkin filed the motion to stay proceedings and the motion to remand on March 8, 1996, more than 2 years after Larkin received the initial report from the FDA. The parties conceded at oral argument before this court that Larkin did not have full information regarding the FDA report until November 1994 and that Ethicon initially represented to Larkin that the information in the FDA report dealt only with Larkin's own case.

Following the filing of the special master's report, we again scheduled this case for oral argument. On appeal, we must determine whether this matter should be remanded to the district court for further proceedings because the information Ethicon failed to disclose would have made the grant of summary judgment improper in this case, or whether Larkin waived any right of recourse he may have had because he failed to take any action as to the information in his possession prior to the grant of summary judgment.

We give recommended factual findings of a special master the effect of a special verdict, and the report upon questions of fact, like the verdict of a jury, will not be set aside unless clearly against the weight of the evidence. *Brown v. O'Brien*, 4 Neb. 195 (1876). See Neb. Rev. Stat. § 25-1131 (Reissue 1995). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Young v. Eriksen Constr. Co.*, 250 Neb. 798, 553 N.W.2d 143 (1996). Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Boyd v. Chakraborty*, 250 Neb. 575, 550 N.W.2d 44 (1996).

We determine that the factual findings of the special master are not clearly against the weight of the evidence. Therefore, we adopt the factual findings of the special master as set forth above and in the following pages.

Larkin alleges first that this matter should be remanded because the information Ethicon failed to disclose during discovery concerning other complaints and lawsuits would have made the grant of summary judgment improper. In evaluating this assignment of error, we note first that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of any other party. Neb. Ct. R. of Discovery 26(b)(1) (rev. 1996). See *Walls v. Horbach*, 189 Neb. 479, 203 N.W.2d 490 (1973). The Nebraska Discovery Rules state:

> A party is under a duty seasonably to amend a prior response if he or she obtains information upon the basis of which
>
> (A) he or she knows that the response was incorrect when made,
>
> or
>
> (B) he or she knows that the response though correct when made is no longer true and the circumstances are

such that a failure to amend the response is in substance a knowing concealment.

Rule 26(e)(2).

In the instant case, Larkin propounded interrogatories specifically requesting information about any other lawsuits or complaints filed against Ethicon involving Mersilene tape. Ethicon stated that no lawsuits existed and also failed to answer regarding any existing complaints. Ethicon's attempted explanation to this court for this behavior is that the answer to the lawsuit interrogatory was accurate when made and that the other lawsuits postdate this case. Ethicon also suggests that its failure to answer the complaints interrogatory is excused or explained because this set of interrogatories accompanied a duplicate of another discovery request (creating the inference that this set of interrogatories was also a duplicate) and because Larkin did not file a motion to compel the answer.

A litigant has the right to have interrogatories answered, and the duty to supplement answers previously given in response to an adversary's interrogatories is a continuing duty. *Norquay v. Union Pacific Railroad*, 225 Neb. 527, 407 N.W.2d 146 (1987). Further, this court has taken the position that

"[f]or a party to sit idly by, knowing that a previous answer he has given in response to discovery is no longer truthful in the light of his present information, is intolerable. It is inconsistent with the purpose of the rules to avoid surprise and it is inconsistent with the standards of conduct that one expects in a learned and honorable profession."

*Norquay*, 225 Neb. at 538, 407 N.W.2d at 154.

Ethicon argues that Larkin has waived any right or recourse he may have because he failed to file a motion to compel, did not bring the FDA information to the attention of the district court at the summary judgment hearing, and filed an appeal rather than other procedural devices. To support this position, Ethicon relies on our decision in *Hansl v. Creighton Univ.*, 243 Neb. 21, 497 N.W.2d 63 (1993). In *Hansl*, we denied a motion for new trial on the basis of newly discovered evidence because we found that the movant had knowledge of the newly discovered evidence prior to summary judgment. We noted that the "newly discovered evidence" was correspondence between the

plaintiff and the defendant and found that the movant failed to show any reason why this evidence was not produced at the hearing on summary judgment.

The instant case is clearly distinguishable from *Hansl*. Larkin argues, and Ethicon does not dispute, that Larkin did not know the names of the parties involved in the other lawsuits and complaints, the nature of the other cases, or the locations of these incidents prior to the summary judgment hearing. Absent Ethicon's cooperation, Larkin had no means by which to determine the missing information. Ethicon admitted during oral argument that it represented to Larkin that all of the information in the FDA report concerned Larkin's own complaint. Yet, in an exhibit presented before the special master, Ethicon's employee Edward Block stated that Ethicon itself provided this information to the FDA. Due to confidentiality issues with the FDA and Ethicon's lack of cooperation, Larkin did not have full access to this information until November 1994, 8 months after the grant of summary judgment, 1 month after briefs were submitted to the Court of Appeals, and well past the time that Larkin had to perfect his appeal from the grant of summary judgment.

In reviewing a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment is granted, and we give that party the benefit of all reasonable inferences deducible from the evidence. *Young v. Eriksen Constr. Co.*, 250 Neb. 798, 553 N.W.2d 143 (1996). In the instant case, Larkin clearly explained why the information he did possess at summary judgment was not presented to the court at that time. A review of the evidence in a light most favorable to Larkin demonstrates that Larkin did not possess any useful information as to other complaints and lawsuits prior to the hearing on the motion for summary judgment, was told by Ethicon that the information he possessed involved only his own case, and did not receive any additional information until months later. The evidence also indicates that Larkin did not waive any right or recourse available to him in this case.

There is simply no excuse for Ethicon's behavior during the discovery process in this case, and this court will not give credence to any of the excuses Ethicon proposes. Because we find that Ethicon had a continuing duty to supplement its responses

to Larkin's interrogatories and to provide answers to all interrogatories propounded, and because we find that Larkin did not waive any recourse available to him by not bringing the FDA report to the attention of the district court at summary judgment, we reverse the district court's grant of summary judgment and remand the cause for further proceedings in conformity with this opinion. We also direct that Larkin be given the opportunity to amend his pleadings following the completion of discovery if such amendment is appropriate.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

LANPHIER, J., participating on briefs.